## SOPHIA GROTE *v.* MRS. CHARLES STANLEY ROGERS.

[No. 28, January Term, 1930.]

*Decided March 13th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Palmer R. Nickerson* and *George Ross Veazey,* with whom was *Edwin W. Wells* on the brief, for the appellant.

*Fendall Marbury,* for the appellee.

URNER, J., delivered the opinion of the Court.

This action for personal injuries, received in an automobile collision on a Maryland highway, was brought against the nonresident owner of the car alleged in the declaration to have been negligently driven against the one in which the plaintiff was a passenger, and the question to be determined, on this appeal from an order quashing the return of process, is whether chapter 254 of the Acts of 1929, providing for suits against nonresidents on causes of action arising from automobile accidents in this state, is a valid statute. It is said, among other objections, to be contrary to the due process clause of the Federal Constitution. The act provides as follows:

"The acceptance by a nonresident individual, firm or corporation of the rights and privileges of using the roads and highways of Maryland, which rights and privileges are conferred by section 190 or any other law, as evidenced by his, their or its operation of a motor vehicle on any of the public highways within the limits of this state, shall be deemed equivalent to an appointment by such nonresident individual, firm or corporation of the Secretary of State, or his successor in office, to be his, their or its true and lawful attorney upon whom may be served all lawful processes in any action or proceeding instituted, filed or pending against him, them or it, growing out of any accident or collision in which said nonresident may be involved, while operating or causing to be

operated, a motor vehicle on such public highway and said acceptance of the rights and privileges of using said highways or the operation of said motor vehicle by said nonresident individual, firm or corporation within this state, shall be a signification of his, their or its agreement that any such process against him, them or it which is so served shall be of the same legal force and validity as if served on him, them or it personally. Service of such process shall be made by leaving a copy of the process with a fee of $2.00 in the hands of the Secretary of State, or in his office, and such service shall be sufficient service upon the said nonresident individual, firm or corporation, and of full force and effect in any court of this state; provided that notice of such service and a copy of the process shall forthwith be sent by registered mail by the plaintiff or his attorney to the defendant at his address as specified in such process; and such address shall be conclusively presumed to be correct if it be an address given by the defendant in any proceedings before any court magistrate or justice of the peace, or any police officer or deputy or any other person, at or subsequent to the collision or accident aforesaid, or if it be the latest address appearing upon the records of the Commissioner of Motor Vehicles or other officer charged with the administration of the motor vehicle laws of the state in which any motor vehicle is registered in the name of such defendant; and the plaintiff's or his attorney's affidavit of compliance herewith shall be filed with the clerk of the court in which the said proceedings are pending. The court in which the action is pending may order such continuances as may be necessary to afford the defendant a reasonable opportunity to defend the action. The fee of $2.00 paid by the plaintiff to the Secretary of State at the time of service, shall be taxed in the costs of the proceedings and the Secretary of State shall keep a record of all such processes which shall show the day and hour of service, and he shall account for all funds so coming into his hands from such services, to the proper officer or department of this state."

The record includes an affidavit by the plaintiff's attorney

that, in compliance with the statute, a copy of the process against the defendant was left with the Secretary of State and a copy of the writ and of the declaration was sent by registered mail to the defendant at her address as specified in the process. It further appears from the record that the address thus specified was correct, and that the defendant received the notice of the suit, as evidenced by the registered mail receipt which she signed and returned. But the efficacy of the notice to make her amenable to the suit for the purposes of a personal judgment depends upon the constitutionality of the statute under which it was communicated. Apart from the terms of a valid act authorizing the method of notification employed in this suit, the fact that it resulted in the receipt of actual knowledge by the nonresident defendant of the pendency and nature of the action, would not enable the court, in the exercise of a competent jurisdiction, to proceed with the trial of the case without the defendant's participation. It has been determined by the highest judicial authority that process from the courts of one state cannot be used to summon parties domiciled in another state to respond to the action in which it is issued, and that whether the process against a nonresident is sent to him out of the state, or is published within the state of the forum, it is equally unavailing to impose upon him any obligation to appear in a proceeding to establish his personal liability. *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565. Nonresidents of a state, who use its highways for automobile travel or traffic, may be held accountable in its tribunals for injuries caused by the negligent exercise of such a privilege, if the legislation directed to that end, enacted as an assertion of the police power of the state, contains provisions for substituted service of the process and notice which may be sanctioned as reasonably adequate to accomplish the purpose of apprising the defendant of a suit asserting his responsibility for the accident and its consequences. Unless chapter 254 of the Acts of 1929 conforms to that standard, the transmission of the notice referred to was wholly nugatory as a

means of subjecting the defendant to the jurisdiction of the court in which the suit was instituted.

The act under consideration is substantially similar, except in one particular, to a Massachusetts statute which has been sustained as constitutional by the Supreme Judicial Court of Massachusetts and by the Supreme Court of the United States. *Pawloski v. Hess,* 250 Mass. 22, 35 A. L. R. 945; *Hess v. Pawloski,* 274 U. S. 352, 71 L. Ed. 1091. It was provided by the Massachusetts act that notice of the service of process upon the registrar of motor vehicles and a copy of the process should be sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance with the act should be appended to the writ and entered with the declaration. The variation of the Maryland statute from that provision will be seen by reference to its text, quoted in this opinion, and will be presently discussed. In holding the Massachusetts act valid, the Supreme Court of the United States, in an opinion by Mr. Justice Butler, said:

"The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the state to a nonresident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer v. Neff,* 95 U. S. 714. There must be actual service within the state of notice upon him or upon some one authorized to accept service for him. *Goldey v. Morning News,* 156 U. S. 518. A personal judgment rendered against a nonresident who has neither been served with process nor appeared in the suit is without validity. *McDonald v. Mabee,* 243 U. S. 90. The mere transaction of business in a state by nonresident natural persons does not imply consent to be bound by the process of its courts. *Flexner v. Farson,* 248 U. S. 289. The power of a state to exclude foreign corporations, although not absolute but qualified, is the ground on which such an implication is supported as to them. *Pennsylvania F. Ins. Co. v. Gold Issue Mining Co.,* 243 U. S. 93, 96. But

a state may not withhold from nonresident individuals the right of doing business therein. The privileges and immunities clause of the Constitution, sec. 2, art. 4, safeguards to the citizens of one state the right 'to pass through, or to reside in any other state for purposes of trade, agriculture, professional pursuits, or otherwise.' And it prohibits state legislation discriminating against citizens of other states. *Corfield v. Coryell*, 4 Wash. C. C. 371, 381; *Ward v. Maryland*, 12 Wall., 418, 430; *Paul v. Virginia*, 8 Wall., 168, 180.

"Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and to property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. *Canadian Northern R. Co. v. Eggen*, 252 U. S. 553, 561, 562. The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. *Hendrick v. Maryland*, 235 U. S. 610, 622. And, in advance of the operation of a motor vehicle on its highway by a nonresident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. *Kane v. New Jersey*, 242 U. S. 160, 167. That

case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served. * * * The difference between the formal and implied appointment is not substantial so far as concerns the application of the due process clause of the Fourteenth Amendment."

A New Jersey statute, which provided for service of process upon the secretary of state in suits against nonresidents to enforce liability for automobile accidents on highways of the state, but which made no provision for notice to the nonresident defendants, was held invalid, because of that omission, in *Wuchter v. Pizzutti,* 276 U. S. 13, 72 L. Ed. 449. In the opinion delivered in that case by Mr. Chief Justice Taft, it was said:

"The question made in the present case is whether a statute, making the Secretary of State the person to receive the process, must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the Secretary will be communicated to the nonresident defendant who is sued. Section 232 of the Laws of 1924 makes no such requirement and we have not been shown any provision in any applicable law of the state of New Jersey requiring such communication. We think that a law with the effect of this one should make a reasonable provision for such probable communication. We quite agree, and, indeed, have so held in the *Pawloski* case, that the act of a nonresident in using the highways of another state may be properly declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable

that he will receive actual notice. Otherwise, where the service of summons is limited to a service on the Secretary of State or some officer of the state, without more, it will be entirely possible for a person injured to sue any nonresident he chooses, and through service upon the state official obtain a default judgment against a nonresident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody. A provision of law for service that leaves open such a clear opportunity for the commission of fraud (*Heinemann v. Pier,* 110 Wis. 185) or injustice is not a reasonable provision, and in the case supposed would certainly be depriving a defendant of his property without due process of law. The Massachusetts statute considered in *Hess v. Pawloski* really made necessary actual personal service to be evidenced by the written admission of the defendant. In *Kane v. New Jersey,* the service provided for by statute was by mail to the necessarily known registered address of the licensed defendant.

"In determining the reasonableness of provision for service we should consider the situation of both parties. The person injured must find out to whom the offending automobile belongs. This may be a difficult task. It is easy when the owner of the automobile is present after the accident. That is provided for in the second section of this act by apprehending him or his operator. But the vehicle may be operated by some one who having committed the injury successfully escapes capture or identification. In such a case, the person injured must be left without a remedy by suit at law, as everyone must be who does not know or cannot discover the person who injured him. The burden is necessarily on him to investigate and learn. In finding out who it was, and whether the person is of such financial responsibility as to warrant a suit, he almost necessarily will secure knowledge of his postoffice address or his place of residence, and thereby be enabled to point out how notice may be communicated to him. With this information at hand the state may properly author-

ize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued. Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the postoffice address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant."

After a review of cases reflecting upon the principle to be applied to the one under decision, the opinion proceeds:

"These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here.

"But it is said that the defendant here had actual notice by service out of New Jersey in Pennsylvania. He did not, however, appear in the cause and such notice was not required by the statute. Not having been directed by the statute it cannot, therefore, supply constitutional validity to the statute or to service under it. *Coe v. Armour Fertilizer Works,* 237 U. S. 413, 424, 425; *Louisville & Nashville R. R. Co. v. Central Stock Yards Co.,* 212 U. S. 132, 144; *Central of Georgia Ry. Co. v. Wright,* 207 U. S. 127, 138; *Security Trust Co. v. Lexington,* 203 U. S. 323, 333; *Roller v. Holly,* 176 U. S. 398, 409; *Stuart v. Palmer,* 74 N. Y. 183, 188; *Berryhill v. Sepp,* 106 Minn. 458."

Statutes of Wisconsin and Minnesota providing for substituted service of process in suits against nonresidents for injuries received from their use of state highways for motor travel, and requiring a notice of the service and a copy of the process to be mailed to the defendant at his last known address, have been held to be constitutional, the provision as to the mailing of notice being construed as referring to the defendant's last known address or residence in fact and not

merely according to the plaintiff's belief. *Cronkhite v. Belden,* 193 Wis. 145; *Schilling v. Odlebek,* 177 Minn. 90.

The direction as to the notice in the Maryland act is that it shall be sent to the defendant at his address as specified in the process. The address so specified is not required to be the true address of the defendant at that time, or even his last known address, but is to be conclusively regarded as correct for the purposes of the suit if it is an address which the defendant gave in any proceeding before any court, magistrate or justice of the peace, or to any police officer or deputy or other person at the time of the accident or at a subsequent period, or if it is the latest address appearing on the records of the commissioner of motor vehicles or other officer charged with the administration of the motor vehicle laws of the state in which any such vehicle is registered in the defendant's name. The sources of information to which the plaintiff is thus referred by the statute may not apprise him of the defendant's correct address at the time when the notice is to be mailed. In the period, which may be prolonged, between the accident and the institution of the suit, a legitimate change of the prospective defendant's domicile may render his earlier declarations as to his residence obsolete. The statute, nevertheless, imputes verity to a previously stated address which may be in fact erroneous at the date of the process. The serious and vital mistake of sending such a notice to the wrong address might be innocently committed in full and exact compliance with the act, while its terms readily admit of the perpetration of a fraud upon a defendant by the mailing of the notice to his formerly declared address, which may have been changed to the plaintiff's knowledge, but which may be within the purview of the statute's conclusive presumption of accuracy. In determining the question as to the constitutionality of the act, we must consider what may be done, and not merely what has occurred, under its provisions. *Curtis v. Mactier,* 115 Md. 386. The test of its validity, as against the objections urged in this case, is the inquiry whether it contains such requirements, with respect to the transmission

of the notice, as to make it reasonably probable that the non-resident defendant will be informed of the suit by which he is sought to be personally affected. The concern and object of such a provision should be actual notice to the defendant, and its prescribed course of procedure should tend to ensure that result. In our opinion, the statute under discussion does not afford such an assurance. It fails to meet the test of reasonable probability that a compliance with its terms would give the defendant actual knowledge of the suit, and it is therefore invalid under the constitutional limitation which has been invoked. The clauses of the act in regard to notice are so materially and inseparably connected with its other provisions as to prevent a conclusion in favor of its partial validity. *Baltimore v. O'Conor,* 147 Md. 639.

*Order affirmed, with costs.*