JACOB RUBIN, PLAINTIFF, v. MORRIS GOLDBERG AND EMIL RUDOLPH, DEFENDANTS.

HARRY GOLDSTEIN, PLAINTIFF, v. MORRIS GOLDBERG AND EMIL RUDOLPH, DEFENDANTS.

Submitted October term, 1930—Decided April 16, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs, *Harry S. Medinets.*

For the defendant Morris Goldberg, *Wall, Haight, Carey & Hartpence.*

PER CURIAM.

These matters come before us on rules to show cause, issued at the instance of defendant Goldberg in each case, why the service of the summonses and complaints should not be set aside and the actions dismissed, and on motion of the plaintiff Jacob Rubin for leave to amend his complaint to state the alleged fact of his New Jersey residence. Each action is for damages alleged to have been suffered by the respective plaintiffs in an automobile collision near Laurence Harbor, New Jersey, on May 7th, 1927. One of the defendants, Emil Rudolph, resides in New Jersey, and the summons and complaint in each case were served on him in this state. The other defendant, Morris Goldberg, is and was a non-resident

of the State of New Jersey and lived in Brooklyn, New York, and service on him in both cases was made, or attempted to be made, under the provisions of chapter 232, *Pamph. L.* 1924, as amended by chapter 232, *Pamph. L.* 1927, by having the sheriff of Mercer county leave a copy of the summons and complaint in each case in the office of the secretary of state, with the chief clerk in the said office, the secretary of state being at the time absent. The complaint in the Rubin case is introduced by the following clause: "The plaintiff, residing at No. 326 Northwest 8th avenue, Miami, Florida [at the time of the accident a resident of Keansburg, New Jersey], says that" and this clause is followed by the several counts of the complaint.

The brief submitted on behalf of defendant Goldberg sets up, first, that the record does not show a compliance with the statute in that the service is not made upon either the secretary of state or upon anyone designated or authorized by him. The statutory language (*Pamph. L.* 1927, *p.* 441, *ch.* 232) is that "service of such process shall be made by leaving the original and a copy of the summons and complaint, with a fee of two dollars, in the hands of the secretary of state of the State of New Jersey, or someone designated by him in his office, and such service shall be sufficient service upon the said non-resident chauffeur, operator or owner * * *." There had been no order specifically designating the chief clerk in the office of the secretary of state to receive the service of process. But it appears from the affidavits and testimony of Ernest R. Kerr that he is the chief clerk in the secretary of state's office, that as chief clerk he is the person who in that office acts for the secretary of state in the latter's absence and acts for him in cases involving proceedings in respect to service of non-resident defendants, and that this particular duty comes within his duties as chief clerk. We consider that the intendment of the statute is met by the service of the process, in the absence of the secretary of state, upon the official who, in his absence, by the direction of the secretary of state and in accordance with the established practice of the department, acts for and in the place of the secre-

tary of state within the department and particularly with respect to the service of such process under the statute. The statute does not, in terms, require a designation in writing, and we think the practice established and maintained under the direction of the secretary of state is a sufficient designation by him to that end.

Appellant next contends that not only do the records not show a compliance with the statute, but that the statute itself is contrary to the determination in *Pennoyer* v. *Neff*, 95 *U. S.* 714. It has, however, been held by the United States Supreme Court in *Hess* v. *Pawloski*, 274 *Id*. 352, that a state statute declaring that the use of its highways by non-resident operators of motor vehicles is the equivalent of the appointment by such non-resident of a state official as agent upon whom process may be served for starting proceedings against him growing out of collision or accident in which he is involved on a highway, and requiring that he shall actually receive and receipt for notice of the service and a copy of the process, is not a denial of due process of law under the fourteenth amendment of the federal constitution but is a valid exercise of the police power.

It is next argued that chapter 232, *Pamph. L.* 1924, has been declared invalid by the United States Supreme Court in *Wuchter* v. *Pizzutti*, 276 *U. S.* 13, and that that statute thereby became dead and cannot be revived by chapter 232, *Pamph. L.* 1927; and that in any event the 1927 statute cannot be read back into the 1924 statute with respect to an accident that happened prior to July 4th, 1927. Those contentions have been adversely decided by this court in the case of *Dwyer* v. *Volmar Trucking Corp.*, 105 *N. J. L.* 518.

It is finally contended that the allegation in the complaint as to the residence of plaintiff Rubin in Miami, Florida, is conclusive against him on that point and that consequently he is not entitled to the benefit of the statute. The substance of this point was not included within either the petition upon which the rule issued or in the notice with respect thereto. The complaint did allege that at the time of the accident plaintiff was a resident of the State of New Jersey, and the

fact, as we find from the proofs, is that he continued to be and still was a resident of the State of New Jersey at the time the summons and complaint were issued and served.

The motions to quash will be denied. The motion to amend the Rubin complaint in such manner as to correctly and more exclusively state the New Jersey residence of the plaintiff is granted. Costs on the rules are allowed the respondent. No costs are allowed on the motion to amend.