Municipal Court of Cleveland.

NATHAN WILGOREN V. HERMAN YOUNGERMAN.

Decided November 23, 1933.

*Sol. Copperman,* for plaintiff.
*L. R. Taylor,* for defendant.

FRANK S. DAY, J.

This is an action by the plaintiff against the defendant on a judgment recovered by the plaintiff originally in the Municipal Court of the city of Boston, Massachusetts, on the 10th day of March, 1933.

The amended petition recites the recovery of the judgment, the failure to pay the judgment and certain statutes of Massachusetts, namely, the Legislative act 1928, Chapter 344 amending Chapter 9 of the General Laws by striking out Sections 3-A and 3-B, and inserting in place thereof six new sections.

The defendant files an answer wherein he denies the jurisdiction of the Municipal Court of Boston, Massachusetts over him on the ground that he is a citizen and resident of the city of Cleveland, Ohio, and has never been served with summons in Massachusetts. He further alleges that he has never been a resident of Massachusetts, and denies that there is anything due the plaintiff,

From the pleadings, it is apparent that the plaintiff is a resident of Boston, Massachusetts, and the defendant of Cleveland, Ohio, and that the sole issue is as to the validity of the judgment under the record of the judgment obtained in Boston, Massachusetts.

From the record of that judgment and the deposition are to be determined whether the plaintiff has maintained the issue of jurisdiction.

The record of the judgment discloses that the plaintiff brought suit in Boston against the defendant, alleging in his declaration, in substance, that the defendant, his servant or agent, did in Boston on or about September 10, 1932, negligently and unskillfully operate a motor vehicle whereby the motor vehicle struck the car in which the plaintiff was riding and caused him to be injured to his damage. Damages in the amount of two thousand dollars ($2,000.00) are claimed. Attachment reached no property of consequence.

Answer day of the summons was October 29, 1932, but the summons was not served in Massachusetts. Thereupon the attorney for the plaintiff sent notice of service to the registrar of motor vehicles and also a copy of the process, to have same delivered in hand to the defendant as required by Chapter 344, Section 3-C, Act of 1929 of the Laws of Massachusetts.

Thereafter and before judgment, the attorney of the plaintiff in Cleveland filed an affidavit certifying that he had personally served the defendant with a true copy of the writ by personally handing to him a true copy of the same on the 20th day of October, 1932.

On the 18th day of November, 1932, the plaintiff filed an affidavit that his attorney had sent a letter to the defendant, a copy of which follows in the affidavit by mailing said letter by registered mail to the address of the defendant, 297 E. 105th street, Cleveland, Ohio. Other steps are recited which need not be detailed.

However, on December 15, 1932, the plaintiff moved for an order of personal notice direct to a duly constituted public officer qualified to serve process on defendant in Cleveland, Ohio, service by registered mail having been refused by said defendant. The order of personal notice was re-

turned with an affidavit of service by a duly appointed deputy sheriff in and for Cuyahoga county, Ohio, wherein was deposed that the order of personal notice was served on the 20th day of December, 1932, upon delivering to and leaving with him personally a true copy of the same.

Thereafter on the 10th day of March, 1933, trial was had in Boston, Massachusetts, and judgment rendered against the defendant for the amount claimed in the action before the Municipal Court of Cleveland, Ohio, the defendant having defaulted.

From a recital of the record and an examination of the deposition and the statutes set forth in the amended petition, it is evident that the plaintiff has complied with the provisions of the Massachusetts law as to process against non-residents in actions for negligence in the operation of a motor vehicle in the Commonwealth of Massachusetts, unless the statutes pleaded are unconstitutional.

The court has examined a number of authorities and from their examination is satisfied that the Massachusetts law is constitutional.

The principle is well established that no state may issue its process to another state and makes the service obtained in such other state the equivalent of personal service in the state itself as the basis for a personal judgment. The authorities cited by the defendant are pertinent so far as they establish the principle. The question at bar, however, is not identical with that claimed to have application by the defendant here.

The Massachusetts law, as well as that of other states, the enactments of which have been held constitutional, seeks the creation of an agency in the state where the accident occurs, with the result that service is, within the sense of the law, personally made on an agent of the defendant.

Due process of law is insured by compelling actual knowledge of the case on the part of the defendant. The theory of the courts is that when a non-resident sees fit, either in person or through an agent, to operate a motor vehicle in the state of the accident, he thereby consents to the registrar of motor vehicles, secretary of state, or other officer becoming his agent to receive service. Public policy favors this view. It is hardly fair that citizens or residents

of a state should be injured and be without redress. A suit which must be brought against a distant motor vehicle owner means often a denial of justice.

The granting of the right to sue and obtain service within the state where the accident occurred, on the other hand, promotes care in the operation of vehicles on the public roads of the state which has granted the courtesy to a non-resident of using its roads. It is held that the maintenance of interstate commerce does not forbid legitimate regulation of non-resident motor vehicle operation within the state.

A reading of the Massachusetts Act discloses that every facility is afforded to a defendant to make his defense. The defendant's return receipt to the registered mail or service by a deputy sheriff secures the defendant against the possibility of a judgment against him in ignorance of the suit. The privilege of continuance always gives reasonable opportunity to prevent a default judgment.

Ohio has a similar statute though there seems as yet no decision on its validity in this state. The authorities support the view of this court. A quotation is made from one of them as it is a decision on the earlier Massachusetts law.

See *Hess* v. *Pawloski*, 274 U. S. 352:

"Mass. Gen. La., c. 90, as amended by Statute 1923, c. 431, sec. 2, which declares that use of the state's highways by a non-resident motorist shall be deemed equivalent to an appointment by him of the registrar as his attorney upon whom process may be served in any action growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle upon such highways, and which provides for service in such case by leaving a copy of the process and a fee with the registrar or in his office, but conditions the sufficiency of the service upon the sending of notice of it forthwith and a copy of the process to the defendant by registered mail and upon his actually receiving and receipting for the same, and which allows the non-resident when so served such continuances as may be necessary to afford him reasonable opportunity to defend the action,—held not in conflict with the due process clause of the Fourteenth Amendment."

On page 356 the court said:

"*Kane* v. *New Jersey*, 242 U. S. 160, 167. That case recognizes power of the state to exclude a non-resident un-

til the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served. * * * The difference between the formal and implied appointment is not substantial so far as concerns the application of the due process clause of the Fourteenth Amendment."

See also discussion in note 2, 57 A. L. R. 1230, *Wuchter* v. *Pizzutti,* 276 U. S. 13.

In the *Wuchter* v. *Pizzutti* case, the majority held the New Jersey law involved unconstitutional because actual knowledge of the suit might not be brought home under the method outlined in the law, but the minority held that such actual knowledge was not essential, it being sufficient that an officer of the state was designated from whom in the normal state of affairs knowledge of the suit would come to the defendant.

In Maryland, it was held that a similar statute to that formerly in New Jersey was invalid for the same reason. *Grote* v. *Roger,* 149 A. 547.

States holding statutes similar to that in Massachusetts valid are Minnesota, New Jersey and New York. See *Schilling* v. *Odlebak,* 224 N. W. 694 (Minn. law) ; *Shushereba* v. *Ames,* 175 N. E. 187 (New York law) ; *Rubin* v. *Goldberg,* 154 A. 535 (later New Jersey).

In *O'Donnell* v. *Registrar,* advance sheets June 6, 1933, N. E., there is the recognition of the constitutionality of the last enactment of the Massachusetts Legislature (274 U. S. 352, being a decision on the earlier law), but the matter to be determined there was the retroactive effect, and it was held that the law did not apply to cases arising prior to the date of the law.

The law being constitutional, the process was valid and the judgment must be enforced by the courts of this state.

Judgment is, therefore, rendered for plaintiff in the amount prayed for.