Edward S. SPEIR

v.

ROBERT C. HERD & CO., Inc.
and
Western Maryland Railway Co.,
and
Newtex Steamship Corporation, a Delaware corporation.

Civ. No. 11046.

United State District Court
D. Maryland.

Oct. 24, 1960.

John J. O'Connor, Jr., O'Connor & Preston, Baltimore, Md., for plaintiff.

George W. P. Whip, Baltimore, Md., appearing specially, for Newtex SS. Corp.

THOMSEN, Chief Judge.

Newtex Steamship Corporation, one of the defendants in this tort action, has moved to quash the Marshal's return of service of summons upon it, claiming that the statute under which the service was made is "invalid and unconstitutional."

Newtex does not deny that it is a Delaware corporation, which was doing business in Maryland, and that the incident out of which this cause of action arose occurred within the State of Maryland. See Ann.Code of Md., 1957 ed., Art. 23, sec. 92(b).

Since Newtex was doing business in Maryland, it was under a duty to appoint a resident agent and to certify to the State Department of Assessment and Taxation, formerly the State Tax Commission, the name and address of such resident agent and the mailing address of the corporation. Code, Art. 23, sec. 90. See also Acts of 1959, Ch. 757, § 1 et seq., Art. 23, sec. 96(d) provides: "If any corporation of this State, or any foreign corporation required by any stat-

ute of this State to have a resident agent, or any foreign corporation subject to suit in this State under § 92 of this article, (1) has not a resident agent, or (2) has one or more resident agents and unsuccessful attempts have been made on different business days to serve process either twice upon one resident agent or once upon each of two resident agents, such corporation shall be conclusively presumed to have designated the Commission as its true and lawful attorney authorized to accept on its behalf service of process in the action in which such process issued, and in such case such process may be served upon the Commission as the true and lawful attorney of such corporation." Newtex does not deny that this subsection applies in this case since it had no resident agent at the time suit was filed and the time service was made.

Newtex does challenge the validity and constitutionality of Art. 23, secs. 97 and 98 under which service was made. See Fed.R.Civ.P. 4(d) (7), 28 U.S.C.A. These sections provide in pertinent part as follows:

"Sec. 97.  Service on Commission.

"In cases in which any corporation * * * is presumed, as provided in this subtitle, to have designated the Commission as its true and lawful attorney authorized to accept on its behalf service of process, service of such process may be made by leaving two copies of the process, with the fee required by law, in the office of the Commission with any member of the Commission or with its secretary. Such service shall be sufficient service upon such corporation * * *.

"Sec. 98.  Duties of Commission when Served.

"When service of process upon any corporation * * * is made by leaving copies of the process in the office of the Commission as provided in this subtitle:

"(a) *In general.*—It shall be the duty of the Commission forthwith to record the day and hour of such service and to forward by registered mail one copy of the process with a notice of such service, addressed to such corporation at its mailing address, if it has a mailing address on file with the Commission, or if it has not a mailing address on file with the Commission, addressed to it at its principal office, if it has a principal office, or, if it has neither a mailing address on file with the Commission nor a principal office, addressed to it in care of the secretary of state or the corresponding official of the state or place under the statute or common law of which it was formed or is existing, if known to the Commission; and

"(b)  *  *  *."

Newtex contends that "there is nothing in those provisions to insure notice being given to the Defendant corporation such as securing a return receipt from the Defendant corporation as is provided for in the Non-Resident Motor Vehicle Statute," Art. 66½, sec. 115, the Waterway Statute, Art. 75, sec. 77, and the statute providing for service on non-resident individuals doing business or work within the state, Art. 75, sec. 78.

■■ The general rule as to the validity of statutes providing for service of process on foreign corporations is that the form of service provided for by the statute must be reasonably calculated to bring notice of the suit to the foreign corporation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865; International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95; Wuchter v. Pizzutti, 276 U.S. 13, 19, 48 S.Ct. 259, 72 L.Ed. 446; Annotation, 89 A.L.R. 658, 660. Securing a return receipt and filing it with the court clerk is not a prerequisite; it is only one of the possible provisions which may be adopted. No case making it a prerequisite has been cited or found.

In the other Maryland statutes cited by Newtex it is provided that notice of the suit shall be sent by registered mail

to the non-resident defendant by the plaintiff's attorney. The statute involved in the instant case provides that such notice shall be sent by registered mail by the agency of the State of Maryland to which a foreign corporation is required to certify its mailing address. The state agency is an impartial and responsible body, and it is not unreasonable to presume that it will perform the duty imposed upon it by sec. 98. A non-resident individual, whether motorist, laborer or business man, is not required to register his mailing address with anyone; a foreign corporation doing business in Maryland is required to do so and it may reasonably be presumed that it will do so. The Supreme Court case upon which Newtex relies recognizes the distinction between non-resident individuals and corporations in this respect. Thus the Court said:

"The cases, in which statutes have been upheld providing that nonresident corporations may properly be served by leaving a summons with a state official, where the corporation has not indicated a resident agent to be served, are not especially applicable to the present statute. (Citations omitted.) Such corporations may be properly required to accept service through a public officer as a condition of their doing business in the state. Their knowledge of the statutory requirement may perhaps prompt frequent inquiry as to suits against them, of their appointed agent or at the office of the public official to be served, but it could hardly be fair or reasonable to require a nonresident individual owner of a motor vehicle who may use the state highways to make constant inquiry of the secretary of state to learn whether he has been sued. Even in cases of nonresident corporations, it has been held that a statute directing service upon them by leaving process with a state official is void if it contains no provision requiring the official, upon whom the service may be made, to give the foreign corporations notice that suit has been brought and citation served. (Citations omitted.) * * *" Wuchter v. Pizzutti, 276 U.S. at pages 20–21, 48 S.Ct. at page 261.

A similar distinction was recognized in the leading Maryland case, Grote v. Rogers, 158 Md. 685, at page 689, 149 A. 547. In that case, which dealt with an individual non-resident, the Court also said: "In the period, which may be prolonged, between the accident and the institution of the suit, a legitimate change of the prospective defendant's domicile may render his earlier declarations as to his residence obsolete." 158 Md. at page 694, 149 A. at page 551. A foreign corporation is expected to protect itself by keeping up to date the certification of its mailing address. If it has not done so, Art. 23, sec. 98 requires the Commission to send the process and notice of service to the corporation in care of the proper official in the state in which the foreign corporation is incorporated.

■ There may occasionally be cases in which both the mailing address and the state of incorporation are unknown, but the possibility of such a case does not render Art. 23, secs. 96(d), 97 and 98 unconstitutional as applied to this corporation in this case; the exceptional case can be dealt with as it arises.[1]

---

1. The question whether the form of service provided for by the statute is reasonably calculated to bring notice of the suit to the foreign corporation should be decided on the basis of normal circumstances. The fact that the notice was promptly sent and received in this case is not controlling.

It is agreed that it was and is the practice of the State Department of Assessment and Taxation and was that of its predecessor to ask for return receipts and to keep the return receipts in its file. If a notice sent by registered mail to the address certified by the nonresident corporation or given to the Commission by the plaintiff's attorney is returned undelivered, the Department notifies the plaintiff's attorney and the marshal. In the exceptional case where neither the mailing address nor the State of incorporation is known, the Department keeps the papers in its files.

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. at pages 314–315. 70 S.Ct. at page 657, the Court said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. (Citations omitted.) The notice must be of such nature as reasonably to convey the required information, * * * and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly [176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520], supra, and cf. Goodrich v. Ferris, 214 U.S. 71 [29 S.Ct. 580, 53 L.Ed. 914]. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. "The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' American Land Co. v. Zeiss, 219 U.S. 47, 67 [31 S.Ct. 200, 207, 55 L.Ed. 82]; and see Blinn v. Nelson, 222 U.S. 1, 7 [32 S.Ct. 1, 2, 56 L.Ed. 65.]"

The only Maryland decision dealing with secs. 97 and 98 which has been brought to my attention is an unreported opinion of the Baltimore City Court (Cullen, J.), Sheet Metal Fabricators, Inc. v. Newcomb Detroit Co., Docket 91, page 849. The defendant therein had challenged the constitutionality of these sections on the ground that their provisions "do not insure that the defendant will receive notice required by the due process clause of the Fourteenth Amendment to the Federal Constitution." Judge Cullen said:

"The test as to whether or not a statute provides for sufficient notice is whether it would insure adequate notice in all cases. * * * It is entirely possible that a corporation might be subject to the jurisdiction of the Maryland courts because it had neither a mailing address on file with the Commission, nor a principal office, if the place of its incorporation was unknown to the State Tax Commission of Maryland under the above statute. For the above reasons, I must find that the statute does not contain adequate provisions for notice, and is, therefore, unconstitutional."

■ It does not appear that this nisi prius opinion has been followed by other Maryland Courts, and it does not seem to be justified by Grote v. Rogers, supra. See 158 Md. at pages 694–695, 149 A. 547. In any event, this court is not bound by decisions of state courts construing the federal constitution. Despite my respect for my brother across Calvert Street, I am forced to conclude, for the reasons stated in this opinion, that Art. 23, secs. 96(d), 97 and 98 are not unconstitutional as applied in this case.

The motion to quash the return of service will be denied.