Debra BANKS, Plaintiff,

v.

William LEON, Defendant.

Civil Action No. 96–233–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 29, 1997.

Richard D. Kennedy, Sturgill, Mullins & Kennedy, Wise, VA, for Debra Banks.

James Lucas Humphreys, Hunter, Smith & Davis, Kingsport, TN, for United Financial Casualty Co.

## OPINION

JONES, District Judge.

In this negligence case arising out of an automobile accident, the uninsured motorist insurance carrier has filed a motion to dismiss on the basis that the service of process on the defendant pursuant to section 8.01–313 of the Virginia Code was ineffective because that provision is unconstitutional. I find no defect in service of process and therefore deny the motion.

### I

On July 5, 1995, the plaintiff's automobile was rear-ended by the defendant's automobile in Pennington Gap, Virginia. Officer P.A. Robbins investigated the accident and the defendant provided him with a Johnson City, Tennessee address. The same address appeared on the defendant's Tennessee driver's license. Officer Robbins completed an accident report form, an insurance information form, and a traffic citation issued to the defendant, all of which contained the Johnson City address.

On November 7, 1996, the plaintiff filed this action for injuries suffered in the accident. The complaint, notice of lawsuit, request for waiver of service of summons, and waiver of service execution forms were mailed to the defendant at his Johnson City address. This mail was not returned by the postal service, but no response was forthcoming from the defendant. The plaintiff also avers that several other mailings were attempted at other possible addresses without success. Having failed to receive a response from the defendant, the plaintiff served process on the Secretary of the Commonwealth pursuant to Virginia Code section 8.01–329 [1] and the Commissioner of the Department of Motor Vehicles, pursuant to Virginia Code section 8.01–313.

On January 29, 1997, the Commissioner of the Department of Motor Vehicles filed an affidavit of compliance showing that notice of service had been mailed to the defendant at the Johnson City address. The Secretary of the Commonwealth filed a certificate of compliance with this court on March 10, 1997. Attached to the Secretary's certificate was an envelope containing the summons and the complaint addressed to the defendant at the Johnson City address, marked "undelivered" and "not at this address."

The plaintiff also served her own insurer, United Financial Casualty Company ("United"), pursuant to Virginia's mandated uninsured motorist insurance coverage. Va.Code Ann. § 38.2–2206 (Michie Supp.1997). United filed a motion to dismiss this action, asserting that service of process on the defendant pursuant to Virginia Code section 8.01–313 was unconstitutional.[2] By order of August 7, 1997, I denied the motion to dismiss and in this opinion I set forth my reasons for doing so.

### II

Rule 4 of the Federal Rules of Civil Procedure provides that:

> service upon an individual ... may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of the general jurisdiction of the State....

Fed.R.Civ.P. 4(e)(1).

■ Virginia law provides that:

> operation of a motor vehicle by a nonresident shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Department of Motor Vehicles ... to be the attorney or statutory agent of such nonresident for the purpose of service of process in any action against him growing out of any accident or collision in which such nonresident ... may be involved while operating motor vehicles in this Commonwealth.

---

1. Virginia's long-arm statute.

2. I have assumed that United, as the uninsured motorist carrier, has standing to assert this mo-

tion on behalf of the defendant, even though it is filed in United's name. *See* Va.Code Ann. § 38.2–2206.G.

Va.Code Ann. § 8.01–308 (Michie 1992). Section 8.01–312 further provides that:

> [s]ervice of process on the statutory agent shall have the same legal force and validity as if served within the Commonwealth personally upon the person for whom it is intended. Provided that such agent shall forthwith send by registered or certified mail, with return receipt requested, a copy of the process to the person named therein and for whom the statutory agent is receiving the process. Provided further that the statutory agent shall file an affidavit of compliance with this section with the papers in the action; this filing shall be made in the office of the clerk of the court in which the action is pending.... Unless otherwise provided by § 8.01–313 and subject to the provisions of § 8.01–316, the address for the mailing of the process required by this section shall be that as provided by the party seeking service.

Va.Code. Ann. § 8.01–312 (Michie 1992). Sections 8.01–308 and 312 constitute a valid exercise of Virginia's power to regulate the use of its highways by nonresidents. *Wuchter v. Pizzutti*, 276 U.S. 13, 18, 48 S.Ct. 259, 260–61, 72 L.Ed. 446 (1928).

The Supreme Court has established, however, that for such a statute to be constitutional, the statute must also "contain a provision making it reasonably probable that notice of the service on the [state agent] will be communicated to the non-resident defendant." *Id.* The *Wuchter* Court held unconstitutional a New Jersey statute which allowed service of process on non-resident defendants in cases arising out of the use of state highways by permitting service on the New Jersey Secretary of State. *Id.* at 19, 48 S.Ct. at 260. The Court found fatal the lack of any provision in the relevant legislation or other New Jersey law requiring the secretary to communicate notice of the ser-

vice of process to the non-resident defendant.

However, citing its decision in *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), the Court indicated that due process would be satisfied where "such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice."[3] *Wuchter*, 276 U.S. at 19, 48 S.Ct. at 260. The Court further observed that:

> every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service ... the duty of communication by mail or otherwise with the defendant.

*Id.* at 20, 48 S.Ct. at 261.

■ Accordingly, service of process pursuant to sections 8.01–308 and 312 is constitutional provided that it requires communication of the notice of the service to the defendant by a means reasonably probable to result in the defendant receiving actual notice. *Id.* at 19, 48 S.Ct. at 260–61. For purposes of accomplishing service of process, Virginia law instructs that:

> *the address for the mailing of the process as required by § 8.01–312 shall be the last known address of the nonresident....* However, upon the filing of an affidavit by the plaintiff that he does not know and is unable with due diligence to ascertain any post-office address of such nonresident, service of process on the statutory agent shall be sufficient without the mailing oth-

**3.** In *Pawloski*, the Court held constitutional a Massachusetts statute which allowed a plaintiff to serve process on a non-resident defendant by delivering service to the Massachusetts registrar, sending by registered mail notice of such service to the defendant, and by attaching an affidavit of compliance and the defendant's return receipt to the writ. 274 U.S. at 354, 47 S.Ct. at 632–33.

Although the statute approved in *Pawloski* required that the plaintiff submit proof of the de-

fendant's receipt of process, the *Wuchter* Court did not require such proof. *Wuchter*, 276 U.S. at 19–20, [48 S.Ct. at 260–61]. Instead, the Court held that it was sufficient that the plaintiff or the designated state agent mail notice of the service of process by a means making it reasonably probable that the defendant would receive actual notice. *Id.*

erwise required by this section. Provided further that:

.    .    .    .    .    .

2. In the case of a nonresident defendant not licensed by the Commonwealth to operate a motor vehicle, the address shown on the copy of the report of accident required by § 46.2–372 filed by or for him with the Department, and on file at the office of the Department, or the address reported by such a defendant to any state or local police officer, or sheriff investigating the accident sued on, *if no other address is known,* shall be conclusively presumed to be a valid address of such defendant for the purpose of the mailing provided for in this section, and his so reporting of an incorrect address, or his moving from the address so reported without making provision for forwarding to him of mail directed thereto, shall be deemed to be a waiver of notice and a consent to and acceptance of service of process served upon the Commissioner of the Department of Motor Vehicles as provided in this section.

Va.Code Ann. § 8.01–313 (Michie 1992) (emphasis added).

Like section 8.01–313, Virginia's long-arm statute, codified at section 8.01–329, provides for service of process on a non-resident defendant by delivery of a request for service to the Secretary of the Commonwealth and mailing of notice of the service to the defendant's last-known address. Va.Code Ann. § 8.01–329. The Fourth Circuit found that this method of service was reasonably calculated to achieve actual service on a non-resident defendant and held the statute constitutional. *Virginia Lime Co. v. Craigsville Distributing, Inc.,* 670 F.2d 1366 (4th Cir. 1982). Other jurisdictions, with statutes permitting substituted service of process on non-resident motorists and requiring that notice of the service be mailed to the defendant's last known address, have also held this form of service constitutional. *See State ex rel. Cronkhite v. Belden,* 193 Wis. 145, 211 N.W. 916 (1927); *Schilling v. Odlebak* 177 Minn. 90, 224 N.W. 694 (1929).

United, citing *Grote v. Rogers,* 158 Md. 685, 149 A. 547 (1930), asserts that section 8.01–313 is nevertheless unconstitutional because section 8.01–313.2 provides that where no other address is known for the nonresident defendant, the address on the accident report or the address reported by the defendant to any state or local police officer, will be "conclusively presumed to be a valid address." In *Grote,* the Court of Appeals of Maryland held unconstitutional a Maryland statute permitting substituted service of process on nonresident defendants involved in automobile accidents on Maryland highways by service on the Maryland Secretary of State. *Id.* at 551. The Maryland act allowed the Secretary to send notice to the nonresident defendant at his address as specified in the service of process. *Id.* The court found objectionable the fact that

[t]he address as specified [was] not required to be the true address of the defendant at that time, or even his last known address, but is to be conclusively regarded as correct for the purposes of the suit if it is an address which the defendant gave in any proceeding before any court, magistrate, or justice of the peace, or to any police officer or deputy or other person at the time of the accident or at a subsequent period, or if it is the latest address appearing on the records of the commissioner of motor vehicles ... of the state in which any such vehicle is registered in the defendant's name.

*Id.* The court speculated that "[i]n the period, which may be prolonged, between the accident and the institution of the suit, a legitimate change of the prospective defendant's domicile may render his earlier declarations as to his residence obsolete." *Id.* Nevertheless, the court concluded that by establishing a presumption that the defendant's address, as obtained from one of the delineated sources, would be presumptively correct, the plaintiff could, by mistake or fraud, mail notice to the defunct address and thereby accomplish service. *Id.*

While the *Grote* decision has been cited with approval by the Supreme Court of Virginia, *see Carroll v. Hutchinson,* 172 Va. 43, 200 S.E. 644, 647 (Va.1939), section 8.0131–3 is distinguishable from the statute struck down by *Grote.* Section 8.01–313 addresses

the exact concern expressed by the *Grote* court by requiring that notice of service be mailed to the plaintiff's last known address. As noted previously, this method of accomplishing substituted service has been held to satisfy due process requirements. *See Virginia Lime Co.,* 670 F.2d at 1366. Further, the *Grote* court also intimated that such service would be sufficient to satisfy constitutional scrutiny. *Grote,* 149 A. at 551 (observing that "[t]he address as specified is not required to be the true address of the defendant at that time, or even his last known address"). Section 8.01–313.2, providing for use of the nonresident defendant's address as reported on the accident report or as reported by the defendant to the investigating officer, is strictly a secondary provision which is triggered only in the event that "no other address is known." I find that read in its entirety, section 8.01–313 requires that the plaintiff utilize the last-known address of the defendant, and that failing that, the accident report address or address reported to the investigating officer may be used.

So understood, section 8.01–313 avoids the perils addressed by *Grote.* Were a defendant to be involved in an accident in Virginia and later relocated from his reported address, it would not be enough under section 8.01–313 to claim service by having simply mailed notice pursuant to section .8.01–313.2. If the new address is known, that address must be used. Consequently, I find that section 8.01–313 requires notice of service that is reasonably probable to result in a nonresident defendant receiving actual notice and is therefore constitutional.

■ Here, it undisputed that a request for service of process was properly delivered to the Commissioner of the Department of Motor Vehicles and to the Secretary of the Commonwealth. Both state officers, pursuant to the relevant code sections, mailed notice of service of process to the defendant at the provided address. Plaintiff represents that a variety of efforts were made to locate the defendant, including the mailing of notices of service to possible alternate addresses. There is no suggestion by any party that the Johnson City address used by the plaintiff and provided to the Commissioner and the Secretary was not the actual and last-known address of the defendant. Accordingly, I also find that service of process on the defendant was properly accomplished pursuant to section 8.01–313.

■ Furthermore, even were I to find that service pursuant to section 8.01–313 was defective, I find that service was also accomplished pursuant to section 8.01–329. Section 8.01–329 does not provide for a "presumptively correct address" for a non-resident defendant, and therefore is not subject to be challenged on that ground. United's suggestion that plaintiff may not rely on service pursuant to section 8.01–329 because the Secretary's letter of notice was returned marked "undeliverable" and "not at this address," is without merit. In *Equipment Finance Group, Inc. v. Traverse Computer Brokers,* 973 F.2d 345 (4th Cir.1992), the Fourth Circuit held that the plaintiff had effected service of process by complying with the statutory provisions of section 8.01–329, despite the fact that the letter mailed to the nonresident defendant by the Secretary of the Commonwealth was returned by the post office marked "undeliverable." *Id.* at 347.

Accordingly, finding that the provisions of section 8.01–313 were complied with and that those provisions satisfy due process, I deny the defendant's motion to dismiss.