Cecil R. GREEN, Relator,

v.

WHIRLPOOL CORPORATION,
self-insured, Respondent.

No. CX–85–2146.

Supreme Court of Minnesota.

June 13, 1986.

Rehearing Denied July 31, 1986.

George H. Smith, Minneapolis, for relator.

Roderick C. Cosgriff, Kenneth B. Huber, Minneapolis, for respondent.

KELLEY, Justice.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals vacating an award on default which had been ordered by a settlement judge. We affirm on the ground that the settlement judge did not have authority to grant employee's motion for the default award.

The facts on which the settlement judge granted that motion are not in dispute. On December 7, 1984, employee's attorney filed a claim petition seeking permanent partial disability benefits for injuries employee had sustained in April 1983. Pursuant to Minn.Stat. § 176.285 (1984), he served a copy by mail on the self-insured employer and Insurance Company of North America (INA), the administrator of the employer's compensation program. Neither of them served or filed an answer to the claim petition within the 20-day period prescribed in Minn.Stat. § 176.321 (1984). On February 14, 1985, the Workers' Compensation Division issued a notice and order for a settlement conference to be held on March 14, 1985, and on the same day served copies of the notice and order by mail on the parties. On the day of the settlement conference the employer and INA did not appear, and employee's attorney moved for a default award.

The compensation judge, after determining (apparently from examination of the file) that no answer had been filed and that employee had established a prima facie case of entitlement to the claimed benefits, granted the motion and on March 28, 1984, issued an award on default. Copies of the award were served by mail on that day.

On April 1, 1985, the employer-insurer filed a motion to vacate the award on the grounds, among others, that employee had not complied with Minn.R. 1415.1500, a rule of practice relating to default awards, and that the employer had reasonable defenses

on the merits. On April 17, 1984, the settlement judge denied this motion, following which the employer appealed to the WCCA. Several months later it also filed an application with the WCCA to vacate the award for cause pursuant to Minn.Stat. § 176.461 (1984).

Although consolidating the appeal and the application to vacate for a hearing, the WCCA did not address the issues raised by the application but ordered the default award vacated, holding that the settlement judge did not have authority to act on the motion made by employee's attorney, due process required the employer-insurer to be given notice before entry of such an award, and personnel of the Workers' Compensation Division were required to follow the provisions of Minn.R. 1415.1500.

■ We concur that the settlement judge did not have authority to grant the motion for a default award, but we do so only because his authority is plainly and narrowly limited by Minn.Stat. § 176.305, subd. 1 (1984), which provides in part:

When any petition has been filed with the workers' compensation division, the commissioner shall, within ten days, refer the matter presented by the petition to a settlement judge. The settlement judge shall schedule a settlement conference if appropriate within 60 days. If a settlement conference is not appropriate, or if such a conference or conferences do not result in progress toward a settlement, the settlement judge shall certify the matter for a hearing before a compensation judge and shall refer the matter to the chief administrative law judge to be heard by a compensation judge.

Although administrative economy and efficiency would seemingly be advanced if a settlement judge could act on a motion for a default award, the statute is clear. Consequently, the WCCA correctly determined that the settlement judge did not have the authority to order an award on default.

■ However, if the settlement judge had had the power to order the award on default, we do not agree that due process would have required the employer-insurer

to be put on notice of that possibility. Minn.Stat. § 176.321, subd. 1 (1984) gives notice to the employer-insurer that they are required to serve and file an answer to a claim petition within 20 days after service of the petition. Subdivision 3 of this statute provides for an extension of that period by agreement of the parties or, upon a showing of cause, by the commissioner's action. It concludes:

> If an answer is not filed and there has been no extension by order of the commissioner or by agreement, *the failure to file an answer shall be treated as a default.*

(Emphasis added). Minn.Stat. § 176.331 (1984) provides:

> If an adverse party fails to file and serve an answer and the petitioner presents proof of this fact, the commissioner or compensation judge may enter whatever award or order to which the petitioner is entitled on the basis of the facts alleged in the petition, but the compensation judge may require proof of an alleged fact. If the commissioner requires proof, the commissioner shall request the chief administrative law judge to assign the matter to a compensation judge for an immediate hearing and prompt award or other order.
>
> Where in a default case the petition does not state facts sufficient to support an award, the compensation judge shall give the petitioner or the petitioner's attorney written notice of this deficiency. The petitioner may thereupon serve and file another petition as in the case of an original petition.

No due process issue arises because these provisions inform a party that his failure to file a timely answer may result in entry of a default award if the petitioner has stated, or proves, facts sufficient to support an award.

■ The WCCA also based its decision to vacate the award on Minn.R. 1415.1500, stating that this rule "is very specific with regard to default awards and must be followed by personnel of the Workers' Compensation Division." That holding is correct only if Minn.R. 1415.1500 reasonably implements Minn.Stat. §§ 176.321 and 176.-331. Administrative rules which fulfill that purpose are authorized by Minn.Stat. § 176.83, subds. 1 and 10 (1984). *See also* Minn.Stat. § 14.51 (1984). But, while administrative agencies may adopt regulations to implement or make specific the language of a statute, they cannot adopt a conflicting rule. *Dumont v. Commissioner of Taxation*, 278 Minn. 312, 154 N.W.2d 196 (1967). Comparison of sections 176.321 and 176.331 and Minn.R. 1415.1500 demonstrates that the rule imposes several requirements which have no counterpart in the statutes and are inconsistent with them.

Subpart 1 of the rule provides:

> If a party against whom an award is sought has failed to answer within the time allowed, the party entitled to an award by default shall serve the other parties and file with the division or the office if the matter has been certified to the office:
>
> A. a notice of motion and motion for default award with proof of service;
>
> B. an affidavit of no appearance and no answer; and
>
> C. an affidavit stating the essential facts.

The statute does not require the party entitled to a default award to file and serve the other party with a notice of motion, motion for default award and the specific affidavits. Subpart 1 of the rule, by imposing those additional requirements, is clearly inconsistent with section 176.331 which empowers the commissioner or compensation judge to enter a default award upon presentation of proof of the adverse party's failure to file and serve a timely answer.[1]

---

1. A rule requiring an award seeking party to file an affidavit of no appearance and no answer together with an affidavit stating essential facts would comport with and would implement the statutory requirements. Even though Part 1 of the rule exceeds the commissioner's authority, we nevertheless commend the procedure outlined therein to practitioners in the field of workers' compensation. If the procedure in Part 1 of the rule is followed, the defaulting

Additionally, Subpart 2 of the rule prohibits the petitioning party from securing a default award at least until the expiration of 20 days following the filing of the Subpart 1 motion papers. If the defaulting party responds to the motion the other party cannot get an award until even later.[2] The statute neither requires the delay, nor grants the defaulting party a "second chance" to respond and defend on the merits. This provision contradicts section 176.331 which provides that once petitioner establishes proof the adverse party is in default, "the commissioner or compensation judge may enter whatever award or order to which the petitioner is entitled on the basis of the facts alleged in the petition" or otherwise proved at the hearing.

Finally, Subpart 3 of the rule provides that if the commissioner or the hearing judge requires proof of the claim of petitioner's alleged facts, a hearing will be scheduled after all parties are served with notice of the hearing. All parties may introduce evidence and cross-examine witnesses at the scheduled hearing.[3] By contrast, section 176.331 provides the commissioner or compensation judge "may require proof of an alleged fact." The statutory scheme contemplates an early hearing and prompt award or order without undue delay. Nothing can be found in the statute expressly or impliedly requiring service of notice of a hearing upon the defaulting party nor permitting both parties at the hearing to "present the issues fully, including the right to introduce evidence and cross-examine adverse witnesses." The language of Minn.R. 1415.1500 conflicts with the statute. Accordingly, it is of no

effect and cannot govern a party's right to obtain an award on default.

We affirm the decision setting aside the award on default solely because the settlement judge lacked authority to act on the motion for that award.

Affirmed.

---

party would have a very difficult time in attempting to convince the commissioner or a compensation judge that the default award should be set aside because of excusable neglect of counsel.

2. Subpart 2 of the rule provides:
    The defaulting party must respond to the motion within 20 days. *If an answer is filed within the 20-day response period, a default will not be awarded unless the employee shows substantial prejudice due to the delay.* (Emphasis added).

3. Subpart 3 of the rule provides:
    If the judge requires proof of the facts alleged in the claim petition, a hearing on the motion will be scheduled. If a hearing is scheduled, the parties must be served with notice of the hearing at least 20 days before the hearing. The parties may present the issues fully, including the right to introduce evidence and cross-examine adverse witnesses. Whether or not a hearing is held, the judge shall issue an order or award based upon the facts presented.