**Doreen SCALF, Relator,**

v.

**LaSALLE CONVALESCENT HOME/ BEVERLY ENTERPRISES and Travelers Insurance Company, Respondents.**

No. C4–91–1146.

Supreme Court of Minnesota.

March 13, 1992.

James E. Lindell, Lowe, Schmidthuber & Lindell, Minneapolis, for relator.

Fred A. Simon, Illgen, Peterson & Ness, Minneapolis, for respondents.

## OPINION

COYNE, Justice.

The employee complains of the exclusion from evidence of a medical report on the

ground that it was untimely. We reverse and remand.

The employee, a nurse's aide, sustained a compensable low back injury on January 29, 1988. She returned to work on a part-time basis in March 1988 but aggravated her back injury. In May 1989 she began part-time work at a different nursing home but in August 1989 again aggravated her back while lifting a patient. She has not since sought employment.

The employee appealed an administrative authorization to discontinue temporary total disability benefits 90 days after April 26, 1989, the day on which the employer served notice of maximum medical improvement. Her claim to extend wage loss benefits and her medical request for costs of fusion surgery came on for hearing on October 9, 1990. The record reveals a rather peripatetic medical history with respect to the employee's back injury. First she visited her family doctor; next she sought treatment at a clinic; then she consulted various physicians at the Hennepin County Medical Center and the University of Minnesota; and finally she went to the Low Back Clinic at Abbott–Northwestern Hospital. She was also examined by a physician selected by the employer. All but one of these physicians were of the opinion that the employee's condition was treatable by conservative care and did not warrant surgery. The employee contends, however, that in his reports of May 2, 1990 and October 2, 1990 Dr. Richard M. Salib, the last physician to administer diagnostic tests, recommended surgical repair by fusion at the L4–L5 level. At the hearing, the employee proffered an exhibit containing numerous medical reports, five of which were authored by Dr. Salib. The employer objected to Dr. Salib's October 2, 1990 report, arguing that it should be excluded from evidence as untimely.[1] The compensation judge sustained the objection

and the WCCA affirmed, relying on Minn.R. 1415.1900, subp. 5E (1989).

■ The Workers' Compensation Act appears to contemplate a certain informality of procedure; it provides that the compensation judge is bound neither by the common law or statutory rules of evidence nor by technical or formal rules of pleading or procedure. Minn.Stat. § 176.411, subd. 1 (1990). Minn.Stat. § 176.155, subd. 5 (1990) requires medical testimony to be provided by document rather than oral testimony at the hearing unless the compensation judge, at the request of the adverse party, requires live testimony or a post-hearing deposition. That section expressly permits submission of reports at the hearing:

> All written evidence relating to health care must be submitted prior to or at the time of the hearing and no evidence shall be considered which was submitted after the hearing unless the compensation judge orders otherwise

\* \* \* \* \* \*

The administrative rule governing the conduct of the hearing directs service and filing of any medical report that is to be proffered as evidence long enough before the hearing that the adverse party has an opportunity to cross-examine the reporting physician. Minn.R. 1415.2900, subp. 3E. Like the statute, Rule 1415.2900 is devoid of any indication that late filing of a medical report should be penalized by exclusion from evidence; rather, the rule simply provides that in such a case the record is to be held open to permit cross-examination of the physician after the hearing.

The administrative rule dealing with conference procedures, however, sets more limited time standards for the presentment of medical reports and penalizes noncompliance by exclusion of evidence undisclosed at a prehearing conference, unless it is

1. Dr. Salib, who had not examined employee since May 2, 1990, wrote the October 2, 1990 medical report at the request of employee's counsel. It is a four-page report in which Dr. Salib recounts employee's treatment history, summarizes his examination and diagnostic procedures, outlines the rationale for his decision to proceed with fusion surgery, and assesses the

merits of the surgery. Employee's counsel promptly filed the report with the Office of Administrative Hearings and served it upon opposing counsel by letter dated October 4, 1990. The report arrived at opposing counsel's office on October 9, 1990, but after he had departed for the hearing.

shown that the evidence was neither discovered nor discoverable by the exercise of due diligence until after the conference and that other parties have been given the opportunity to review the evidence before the hearing. Minn.R. 1415.1900, subps. 5 and 7.

Certainly, there is good reason beyond judicial economy to serve and file medical reports long enough in advance of the hearing that adverse parties can review them and, if a party wishes to cross-examine the reporting physician, to do so before the hearing. Inasmuch as Dr. Salib was identified at the prehearing conference as one of the employee's physicians and since his October 2, 1990 report did not set out any previously unknown facts but, according to the employee, simply recapitulated the medical history set out in his earlier reports and further explained the basis for his conclusions, that report may not come within the purview of Minn.R. 1415.1900, subp. 7. To the extent, however, that the limitation on the admissibility of medical reports set out in Minn.R. 1415.1900, subp. 7, conflicts with Minn.Stat. § 176.155, subd. 5 (1990), the statute prevails. *See Green v. Whirlpool Corp.*, 389 N.W.2d 504, 507 (Minn.1986). Moreover, the purpose of the proceeding is disclosure of the true facts, a purpose better served by acceptance of all competent, relevant, and material evidence. We hold, therefore, that exclusion of Dr. Salib's report of October 2, 1990 was erroneous.

█ Moreover, despite the employee's assurance that her medical history is "well documented through medical records in evidence" and the employer's description of the report as a "summary rehash of his medical treatment course for the employee," we are disinclined to characterize the error as harmless. The compensation judge found that Dr. Salib was of the opinion that a fusion was appropriate. But she went on to find that "[t]he medical records submitted do not indicate why a fusion is medically reasonable or necessary." In the memorandum appended to her findings and order the compensation judge remarked that the "primary support" for Dr. Salib's

opinion "would appear to be his October 2, 1990 report," which was rejected as untimely. She also commented that neither justification nor explanation for Dr. Salib's recommendation appeared in the record.

Under the circumstances we are of the opinion that the report should have been received into evidence and the record held open until the employer cross-examined Dr. Salib if it wished to do so. We remand so that Dr. Salib's October 2, 1990 report may be received into evidence and considered in determining the case. It may be that the October 2nd report will not supply the missing justification or explanation for Dr. Salib's recommendation. We do not appraise the content of that report; evaluation of the evidentiary worth of the report is within the province of the compensation judge.

Reversed and remanded for further proceedings in conformity with this opinion.