### DOMINICK ROSBACH v. JOHN WEIDENBACH.[1]

June 30, 1905.

Nos. 14,373—(179).

**Construction of Will.**

A will contained the following provisions: "It is my wish and desire that my husband, John Poseng, shall have all the rents, profits and income derived from all my real estate and houses of which I shall die seized and possessed of, during his natural life, provided, * * * that my husband, John Poseng, shall pay and continue to pay year after year all current expenses such as taxes, insurance, improvements and repairs on said real estate." Also: "It is my wish and desire, and this bequest herein is made upon the express condition that all my real estate, of which I shall die seized or possessed of, shall be kept free from any incumbrances by mortgages or otherwise, and that no such incumbrance

[1] Reported in 104 N. W. 137.

shall be made upon the same by my husband, John Poseng, during his natural life."

*Held,* upon the death of the testatrix her husband did not become vested with the legal estate, but the interest and profits thereof were devised to him during his natural life only.

**Homestead.**

There being no children or surviving issue of any deceased child by the second marriage, the family homestead descended to the husband for life, with remainder to the children of the testatrix by a prior marriage.

Upon the petition of Dominick Rosbach as executor of the will of Anna M. Poseng, deceased, the probate court for Hennepin county made a final decree construing the will of deceased and assigning the estate in accordance with such construction. Defendant John Weidenbach as executor of the will of John Poseng, husband of the deceased, a distributee, thereupon appealed to the district court for said county. The case was tried before John Day Smith, J., who made findings of fact, and as conclusion of law found that the decree of the probate court should be sustained. From an order denying a motion for a new trial, defendant appealed to the supreme court. Affirmed.

*A. C. Middelstadt* and *S. M. Finch,* for appellant.

*Benj. Davenport,* for respondent.

LEWIS, J.[2]

Anna M. Poseng, deceased, when a widow with six children, by a former marriage, became the wife of John Poseng. She made a will, with the following provisions:

> Second. It is my wish and desire that my husband, John Poseng, shall have all the rents, profits and income derived from all my real estate and houses of which I shall die seized and possessed of, during his natural life, provided, however, and this bequest is made upon the express condition, that my husband, John Poseng, shall pay and continue to pay year after year all current expenses such as taxes, insurance, improvements and repairs on said real estate. * * *
>
> Fourth. It is my wish and desire, and this bequest herein is

[2] START, C. J., absent, took no part.

made upon the express condition that all my real estate, of which I shall die seized or possessed of, shall be kept free from any incumbrances by mortgages or otherwise, and that no such incumbrance shall be made upon the same by my husband, John Poseng, during his natural life.

Mr. Poseng survived his wife, and there were no children by this marriage. When Mr. Poseng died, he left a will, and this contest is between the executors of the deceased wife and husband. The husband's executor appealed from the decree of the probate court distributing that portion of the wife's estate which she occupied at the time of her death as a homestead to her children and grandchildren, and the remainder of her estate to her heirs, and to her husband one-third of the balance of the estate.

1. Section 4276, G. S. 1894, provides:

Every person who, by virtue of any grant, assignment or devise, is entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest.

This provision does not mean that every person who is by will entitled to possession of land, and the receipts and profits thereof, shall be deemed to have a legal estate therein, but it refers to devises concerning which there are no limitations. That section can have no application to the case before us, where the interest of the husband is expressly and explicitly limited to the receipts and income of the real estate for the term of his natural life. It may be conceded that for the term of his natural life he should have possession of the real estate as an incident to and for the purpose of making the devise effective, but this act cannot be invoked for the purpose of enlarging the limitation imposed by the devise itself. It may be held otherwise in some jurisdictions, where the rule in Shelley's Case is enforced—as, for instance, Pennsylvania and Illinois; but in those states having similar statutes to our own our attention has been called to no authority sustaining the position. In Hunt v. Williams, 126 Ind. 493, 26 N. E. 177, there

was a devise to the wife of one-half of the proceeds, from year to year, of the farm, and the only contention between the parties was whether the wife was entitled to possession in order to collect the profits. In Luckey v. McCray, 125 Iowa, 691, 101 N. W. 516, the devise was to the wife during her natural life, with power to sell and exchange, and with a further provision that if, upon the decease of the wife, any portion of the estate should remain undisposed of, then the remainder should go to certain other persons. It was held that the wife, having survived the testator, acquired a fee under the first clause of the will, and that there was no remainder. The distinction is, in that case there was a direct devise of the real estate for an express purpose, with the remainder upon certain conditions, whereas here there was no devise of the real estate, but a life estate only in the income.

2. One of the lots owned by Mrs. Poseng at the time of her death was that of the family homestead, and appellant claims that under the provision of section 4470, G. S. 1894, there being no children by the second marriage, the homestead descended to the husband. This is the first time we ever heard the question mooted, and we have discovered no authorities upon the subject. The words of the statute are to be taken in their ordinary meaning, and if it had been the intention of the legislature to limit the wording "child, or lawful issue of a deceased child," to the issue of the marriage at the time of the testator's decease, and to cut off the children of a former marriage, language to that effect would certainly have been used.

Order affirmed.