LEO PAWLOSKI *vs.* H. W. HESS.

Worcester.    March 12, 1924. — September 19, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & CARROLL, JJ.

*Constitutional Law,* Police power.    *Motor Vehicle,* Registrar statutory agent.    *Practice, Civil,* Service of process.    *Jurisdiction.*

Sections 3A and 3B, added to G. L. c. 90 by St. 1923, c. 431, § 2, to the effect that the operation by a nonresident of a motor vehicle on the highways of this Commonwealth shall be deemed equivalent to an appointment by him of the registrar of motor vehicles for the time being as his agent to receive service of process in any action growing out of any accident or collision in which he may be involved during such operation, was a constitutional exercise of the police power.

TORT for personal injuries alleged to° have been received when the plaintiff, while crossing Millbury Street in Worcester, was run into by a motor vehicle driven by the defendant. Writ dated November 9, 1923.

The defendant was alleged in the writ to be " of Philadelphia in the State of Pennsylvania " and service was made upon him by compliance with §§ 3A and 3B, added to G. L. c. 90 by St. 1923, c. 431, § 2. The defendant appeared specially and filed an answer in abatement and a motion to dismiss based on alleged unconstitutionality of that statute.

The motion and plea were heard by *Weed*, J., who entered an order denying the motion and overruling the plea, and, being of the opinion that the correctness of his order ought to be determined by this court before further proceedings in the trial court, he reported the action for that purpose.

*Joseph Wentworth*, (*S. B. Ecker* with him,) for the defendant.

*H. J. Meleski*, for the plaintiff.

RUGG, C.J.   This is an action of tort wherein the plaintiff a resident of Worcester within this Commonwealth, seeks to recover compensation for personal injuries received by him while a traveller upon a public way in said Worcester by reason of the negligence or wanton misconduct of the defendant in driving a motor vehicle. The defendant is a resident of Pennsylvania. Service has been made upon the defendant by delivery of a precept in hand to the registrar of motor vehicles of this Commonwealth and by sending notice of such service to the defendant by registered mail, whose receipt therefor with affidavit of service is made a part of the record. There has been full compliance with the provisions of G. L. c. 90, as amended by St. 1923, c. 431, § 2, by the addition of two sections. The material part of those sections is in these words: " Section 3A. The acceptance by a non-resident of the rights and privileges conferred by section three or four, as evidenced by his operating a motor vehicle thereunder, or the operation by a non-resident of a motor vehicle on a public way in the Commonwealth other than under said sections, shall be deemed equivalent to an appointment by such non-resident of the registrar or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle

on such a way, and said acceptance or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally. Service of such process shall be made by leaving a copy of the process with a fee of two dollars in the hands of the registrar, or in his office, and such service shall be sufficient service upon the said non-resident; provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the writ and entered with the declaration. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

" Section 3B. The fee of two dollars paid by the plaintiff to the registrar at the time of the service shall be taxed in his costs if he prevails in the suit. The registrar shall keep a record of all such processes, which shall show the day and hours of service."

The single question for decision is whether jurisdiction has been acquired over the defendant. The constitutionality of the statute is assailed on the ground that it purports to subject to the judicial process of our courts a nonresident without personal service, and attempts to enlarge the jurisdiction of our courts beyond the territorial boundaries of the Commonwealth.

This statute is plainly enacted in the exercise of the police power. It is designed to afford protection to the personal safety of travellers on the highways of our Commonwealth. Its purpose is to promote the public safety and to conserve the public health. These ends are universally recognized as appropriate objects for the exercise of the police power. Specifically, the aim of the statute is to facilitate the enforcement of civil remedies by those injured in their person or property by the negligent or wanton operation of motor vehicles upon the highways of this Commonwealth.

It is to be noted that the statute here called in question is confined on the present record to causes of action which, although transitory in nature, occur in fact within this Commonwealth and which result from the act of the nonresident during his presence here and while using the facilities of travel afforded by the exercise of the sovereign power of the Commonwealth, either directly or through its subordinate governmental agencies, in taking land for highways and in spending public money for their construction and maintenance.  There is no constitutional mandate, so far as we are aware, which compels the government of this Commonwealth to provide highways for general public use.  It is an appropriate governmental function to undertake such public· works.  Having constructed them, reasonable and uniform regulations may be enforced concerning their use.  Legislation attempting to put nonresidents on the same general footing as our own citizens with respect to the use of such public facilities does not violate any constitutional guaranty.  *Hendrick* v. *Maryland*, 235 U. S. 610. It is matter of common knowledge that this Commonwealth has expended many millions of dollars in the construction of new and the adaptation of old highways for convenient use by those travelling by motor vehicles.  It is the duty as well as the right of ·the Commonwealth to adopt all practicable and reasonable measures to insure the safety and health of all travellers on highways, whether in motor vehicles or in other ways.  " The movement of motor vehicles over the highways is attended by constant and serious dangers to the public."  *Hendrick* v. *Maryland*, 235 U. S. 610, 622.  It is also matter of common knowledge that many lives are lost and large numbers of persons injured through the operation of motor vehicles on highways.  Any rational legislation calculated to diminish this appalling impairment of human usefulness and happiness is within the province of the legislative department of government. *Commonwealth* v. *Pentz*, 247 Mass. 500.  The General Court well may have thought that one effective means for curbing negligence or wanton misconduct in the operation of motor

vehicles would be the existence of swift, inexpensive and adequate remedy for injuries flowing therefrom. When one sustaining damage within this Commonwealth from the negligence or wanton misconduct of a nonresident is compelled to seek relief in the courts of a jurisdiction where personal service of process may be made upon him, " In many instances the cost of the remedy would " largely exceed " the value of its fruits. . . . The result would be, to a large extent, immunity from all legal responsibility " on the part of such nonresident. *Railroad Co.* v. *Harris*, 12 Wall. 65, 84. There is no necessary duration to the sojourn here of a nonresident operating a motor vehicle on our highways, such as commonly would accompany the transaction of business or the establishment of any mercantile or manufacturing enterprise. He might easily betake himself outside our boundaries in a very few hours, even from the most remote corner of the Commonwealth, and from most places in a considerably shorter time.

These considerations cannot override fundamental rights or warrant attempts at unauthorized extensions of jurisdiction. They merely serve to emphasize the well recognized presumption in favor of the constitutionality of every statute and the requirement generally fixed by courts for their guidance, that statutes will be refused enforcement only when their conflict with the Constitution is beyond reasonable doubt. They indicate that the Legislature in enacting the statute may have been attempting to remedy pressing evils of a practical nature. As was said in *Hendrick* v. *Maryland*, 235 U. S. 610, at page 624, with respect to this special kind of statute, " The action of the State must be treated as correct unless the contrary is made to appear."

We are of opinion that the statutory requirement is valid, to the effect that the operation by a nonresident of a motor vehicle on the highways of this Commonwealth shall be deemed equivalent to an appointment by him of the registrar of motor vehicles for the time being as his agent to receive service of process in any action growing out of any accident or collision in which he may be involved during such operation. This seems to us to be established by *Kane* v. *New*

*Jersey*, 242 U. S. 160. The statute there under consideration provided in substance that a nonresident owner of an automobile, before permitting it to be driven upon a public way, should file with a State officer a duly executed instrument constituting such State officer his true and lawful attorney for the service of process in any action caused by the operation of his automobile within the State. In upholding the validity of that statute, after referring to the well recognized dangers to the public incidental to the operation of motor vehicles over highways, it was said at page 167: " We know that ability to enforce criminal and civil penalties for transgression is an aid to securing observance of laws. And in view of the speed of the automobile and the habits of men, we cannot say that the Legislature of New Jersey was unreasonable in believing that ability to establish, by legal proceedings within the State, any financial liability of nonresident owners, was essential to public safety. There is nothing to show that the requirement is unduly burdensome in practice. It is not a discrimination against nonresidents, denying them equal protection of the law." It appears to us to be a difference immaterial in its constitutional aspects that the statute there under consideration required the execution of a formal power of attorney to the State officer as an essential prerequisite to the use of the motor vehicle on the highway, while the statute here attacked provides that the actual voluntary driving of the motor vehicle on the highway shall be deemed to have the effect of a formal appointment of a designated public officer as agent of the driver. When the law clothes an intentional and intelligent act with specified consequences, then the doing of that act commonly entails those consequences. That principle is most frequently applied in the enactment of statutes penalizing as criminal the performance of a designated act regardless of the motive which prompted it, or of knowledge or ignorance of legislative prohibition on the part of the one performing the act. The simple doing of the act, not evil in itself but merely prohibited by the Legislature, brings about the statutory consequences of crime. *Commonwealth* v. *Smith*, 166 Mass. 370. *Commonwealth* v. *Mixer*, 207 Mass. 141. *United*

*States* v. *Balint,* 258 U. S. 250, 252. *Griffiths* v. *Studebakers, Ltd.* [1924] 1 K. B. 102. That principle has been applied to the conduct of foreign corporations within a jurisdiction other than that of their domicile. A State statute provided that, when a foreign corporation carried on business within its boundaries, it was subject to court process served on its agent within the State. In upholding the validity of such a statute, it was said in *St. Clair* v. *Cox,* 106 U. S. 350, 356, " If a State permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the State are to be deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process." This means that the appointment of the agent with authority to receive service of process will be implied even though in fact the corporation may have issued an express contract of agency excluding such authority by definite words. *Mutual Reserve Fund Life Association* v. *Phelps,* 190 U. S. 147. That principle may not apply to an individual or partnership of nonresidents transacting business in a State other than that of their domicile. The underlying reason for that distinction has been said to be that the State has no power to exclude individual nonresident citizens of the United States while it in general has power to exclude foreign corporations. But at the same time it has been recognized that the implied consent to service in the case of foreign corporations rests upon a mere fiction. *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining & Milling Co.* 243 U. S. 93, 96. *Flexner* v. *Farson,* 248 U. S. 289, 293. It may be wholly contrary to the fact. It is settled that police regulations of a reasonable nature respecting the use of its highways by nonresident operators of motor vehicles may be enacted by the several States. It is settled further that such regulations may go to the extent of utter prohibition unless and until licensed by the State. *Kane* v. *New Jersey,* 242 U. S. 160. The power to require a license imports extensive regulation. A

statute attaching such an implication as appointment of an agent to receive service of process to the act of driving a motor vehicle on the highway is no more harsh in its operation upon the nonresident than a statute requiring the execution and filing of a formal power of attorney. It seems to us that the implication required by the present statute is within the authority of *Kane* v. *New Jersey*, 242 U. S. 160, and *Hendrick* v. *Maryland*, 235 U. S. 610.

The case then stands upon the authority of the registrar of motor vehicles to receive service of the process implied by operation of the statute from the voluntary acceptance by the defendant of the benefits conferred upon him by the Commonwealth upon that condition.

The defendant relies mainly upon the principle established by *Pennoyer* v. *Neff*, 95 U. S. 714, especially as stated at page 720 in these words: " The authority of every tribunal is necessarily restricted by the territorial limits of the State in which it is established. Any attempt to exercise authority beyond those limits would be deemed in every other forum, as has been said by this court, an illegitimate assumption of power, and be resisted as mere abuse." *Baker* v. *Baker, Eccles & Co.* 242 U. S. 394. *McDonald* v. *Mabee*, 243 U. S. 90. *Flexner* v. *Farson*, 248 U. S. 289. This court is, of course, strictly bound by these decisions. Our only concern is to follow the doctrine therein declared. These decisions seem to us wholly in harmony with our own earlier decision in *Bissell* v. *Briggs*, 9 Mass. 462, by which also we are bound. See, also, *Sirdar Gurdyal Singh* v. *Rajah of Faridkote*, [1894] A. C. 670. The case at bar rests upon the implied consent of the defendant arising from the facts already stated. That principle as a basis of jurisdiction is recognized in *Pennoyer* v. *Neff*, 95 U. S. at page 735. For the reasons already stated, we think the main doctrine of *Pennoyer* v. *Neff* and the other cases just cited is inapplicable to the case at bar. The defendant in substance and effect, by operating a motor vehicle on our highways, by implication of the statute appointed the registrar of motor vehicles his agent to receive service of process in a case like the present.

No question has been raised in the case at bar as to the

sufficiency of the service upon the defendant if he can be held at all.  See *Roller* v. *Holly*, 176 U. S. 398.  *Pennoyer* v. *Neff*, 95 U. S. 714, 735.

> *Order denying motion to dismiss and overruling answer in abatement affirmed.*