## ALBERT E. SCHILLING v. JOHN ODLEBAK.[1]

March 28, 1929.

No. 27,232.

*Denegre, McDermott, Stearns, Stone & Mackey,* for appellant.
*G. P. Mahoney,* for respondent.

[1]Reported in 224 N. W. 694.

WILSON, C. J.

Defendant appealed from an order denying his motion, made on special appearance, to set aside the service of a summons served under authority of L. 1927, p. 557, c. 409, 1 Mason Minn. St. § 2684-8. The claim is that the statute is unconstitutional, but if not, that plaintiff has not complied therewith.

The statute provides a way of making personal service upon a non-resident. It provides that a nonresident's use of our highways by motor travel shall be deemed an appointment by him of our secretary of state to be his lawful attorney upon whom legal process against him growing out of such use of our highways may be served. It provides that such use shall be a signification of his agreement that such service shall be of the same legal force as if served upon him personally. Service is to be made upon the secretary by filing a copy with him and paying him a fee of two dollars "provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this act are attached to the summons."

■ Ordinarily personal service within the state is necessary to acquire jurisdiction where the suit is merely in personam. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; McDonald v. Mabee, 243 U. S. 90, 37 S. Ct. 343, 61 L. ed. 608, L. R. A. 1917F, 458. It has been unsuccessfully contended that when a foreign corporation does business in the state it impliedly consents to be bound by the service prescribed. Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. ed. 250. This doctrine is applicable to insurance companies solely because the state could exclude them entirely. The state cannot exclude nonresident individuals from doing business within its borders. But the state may require a nonresident in order to use his automobile upon the state's highways to submit to registration and license. Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. ed. 385. Indeed the state may, as a condition precedent to the use of its highways, require nonresidents to appoint a state official as agent upon whom process may be served in legal proceedings brought

against them and resulting from the operation of their automobiles within the state. Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. ed. 222.

In Pawloski v. Hess, 250 Mass. 22, 144 N. E. 760, 35 A. L. R. 945, the court held that the state may provide that the voluntary entrance upon the highways of the state by a foreign motorist with his motor vehicle shall operate as a constructive consent to be sued within the state and to the appointment of the secretary of state as his attorney in fact upon whom service may be made in actions arising out of the operation of his automobile within the state.

The same doctrine was announced in State ex rel. Cronkhite v. Belden, 193 Wis. 145, 155, 211 N. W. 916, 57 A. L. R. 1218, wherein the court stated:

"The statute does not attempt to provide a method for securing jurisdiction over the person of the defendant in respect to controversies other than those which arise out of the operation of the automobile within the state. While it is true that constitutional rights may not be subordinated to administrative convenience, we perceive no just reason why a nonresident coming within the state, using the special facilities provided by the state and afforded the protection of its laws, may not be subjected to the jurisdiction of the state in respect to acts done by him in violation of its law and be compelled to respond in damages for wrongs done its citizens while within the state in the operation of his automobile."

Pawloski v. Hess, 250 Mass. 22, 144 N. E. 760, 35 A. L. R. 945, was affirmed in 274 U. S. 352, 47 S. Ct. 632, 71 L. ed. 1091.

The Supreme Court has also definitely held that such a law is valid if it contains a provision making it reasonably probable that the notice will be communicated to the person sued; and that the law may declare the nonresident's use of the highways of the state to be an agreement to accept service of summons through a designated state official in a suit growing out of such use. Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. ed. 446, 57 A. L. R. 1230.

Our statute provides that the court may order such continuances as may be necessary to afford the defendant reasonable opportunity

to defend the action. The 90-day limitation for such continuances as the court may grant is void. State ex rel. Cronkhite v. Belden, 193 Wis. 145, 211 N. W. 916, 57 A. L. R. 1218; Jones v. Paxton (D. C.) 27 F. (2d) 364.

The validity of our statute was sustained in Jones v. Paxton (D. C.) 27 F. (2d) 364.

It seems to us that the provisions of our statute provide such prerequisites that we may safely conclude that it is reasonably certain that the defendant will receive actual notice, and that adequate opportunity is afforded him to defend. That is his right. Windsor v. McVeigh, 93 U. S. 274, 23 L. ed. 914; L. & N. R. Co. v. Schmidt, 177 U. S. 230, 20 S. Ct. 620, 44 L. ed. 747; Coe v. Armour F. Works, 237 U. S. 413, 35 S. Ct. 625, 59 L. ed. 1027. We construe the words "last known address" as meaning the last known residence or place of abode. The statute puts the nonresident upon substantial equality with the resident. That is as it should be. The constitution seldom stays the hand of progress. Nor does it demand literal equality in every detail. It does demand substantial equality. Laws like our statute cannot be construed as a hostile discrimination against nonresidents. The implied or constructive appointment is consistent with the necessities involved. The nonresident is subjected to it only by his own conduct. The individual in using the modern highway must recognize the police power which is the basis of all highway regulation measures.

The cases cited destroy the contention that this statute violates the fourteenth amendment or art. IV, § 2, of the United States constitution; and upon such authority we hold it to be constitutional.

■ The claim is made that a summons is not "process" and hence there was a failure to comply with the statute. In some respects a summons is not process. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7798, 7802. But often in the law books and otherwise it is spoken of as process. It is frequently so termed in ordinary parlance. A number of statutes have been passed in which the word was so intentionally used. See Farmers Imp. Co. v. Sandberg, 132 Minn. 389, 157 N. W. 642. We construe the statute before us as using the

word in the sense of including a summons. Otherwise it would become quite ineffectual.

■ The statute which provides that the plaintiff shall mail the notice and that plaintiff's affidavit is to be attached to the summons showing the service by mail is construed as meaning that plaintiff may cause such affidavit to be made by the person mailing the summons, who is not necessarily the plaintiff himself. It is his act when done by others in his behalf.

■ The statute provides:

"Service of such process shall be made by serving a copy thereof upon the Secretary of State or by filing such copy in his office, together with payment of a fee of $2.00, and such service shall be sufficient service upon the said non-resident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this act are attached to the summons." L. 1927, p. 557, c. 409, 1 Mason Minn. St. § 2684-8.

This language contemplates a formal notice over the signature of plaintiff or his attorney fully informing defendant of "such service." In this case such formal notice was not given. Plaintiff's counsel mailed to defendant a copy of the summons and complaint upon which was indorsed with official stamp:

"STATE OF MINNESOTA
"Department of State

"Filed September 8, 1928

·  "MIKE HOLM
"Secretary of State"

There is no reason to establish or encourage loose practice in a procedure of such importance. Statutes of this character call for full, complete and substantial compliance therewith in order to sustain substituted service. Under less exacting circumstances the record might be a substantial compliance. State v. Klitzke, 46

Minn. 343, 49 N. W. 54. The statutory requirements must have a strict compliance. Wiik v. Russell, 173 Minn. 580, 218 N. W. 110; Haney v. Haney, 163 Minn. 114, 203 N. W. 614. We think the mere stamped indorsement in a case of this character is insufficient not because it is a stamp but because it is not a notice as contemplated.

Reversed.

STONE, J. took no part.