Kenneth C. BEHRENDT, Relator,

v.

COMMISSIONER OF JOBS AND TRAINING, Respondent.

No. CO–93–1889.

Court of Appeals of Minnesota.

March 29, 1994.

Daniel P. Taber, Minneapolis, for relator.

Lee B. Nelson, St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and AMUNDSON and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

Kenneth Behrendt was determined personally liable for unpaid unemployment tax obligations of Digital Information Systems, Inc. (DIS), of which he was previously an officer. He appealed that determination before a Department of Jobs and Training referee who upheld personal liability. Behrendt appealed to the Commissioner. A Commissioner's representative modified the referee's findings but upheld personal liability. Behrendt brings the case before this court on a writ of certiorari pursuant to Minn.Stat. § 268.12, subd. 13(4) (1992) and Minn.R.Civ.App. 115. We affirm the Commissioner's representative.

## FACTS

Behrendt was hired in December 1988 by DIS, a software corporation wholly owned and controlled by Robert Davis. Behrendt was to take on the day-to-day operations of the corporation. This meant handling the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

company finances, including payments and collections. Behrendt was given the title of chief executive officer and vice president.

DIS began to suffer serious financial difficulties. Davis, Behrendt, and an in-house accountant held weekly meetings regarding the corporation's fiscal condition. During at least one such meeting the unemployment tax liability of the corporation was discussed.

In July of 1990, Behrendt signed and filed DIS's quarterly unemployment tax report for the second quarter of 1990, showing a tax due of $2,088.27. However, Behrendt did not include payment with this statement. Likewise, on October 15, 1990, Behrendt filed the same report for the third quarter of 1990, showing a tax due of $489.25. Again, payment was not made. The corporation did, however, make other payments and discharge liabilities during the reporting periods.

Although Davis was president and owned 100% of DIS, Behrendt signed all of the tax and financial statements. Likewise, Behrendt signed 90% to 95% of all checks the corporation issued. Davis admitted that he had ultimate authority to approve or disapprove any payments made by the corporation, but also claimed that Behrendt exercised general authority in this area as well. The record shows Davis made no definitive decisions nor directions as to payment of any tax liabilities at any meeting.

Behrendt left his job with DIS and, soon thereafter, DIS's leading lender foreclosed on its loans and the corporation ceased operations. The State Department of Jobs and Training made a claim against Behrendt and Davis individually for amounts owed on unemployment insurance taxes. Behrendt was found liable by a referee and, on appeal, by a Commissioner's representative. This appeal arises on a writ of certiorari to the Commissioner's representative.

## ISSUE

Is the Commissioner's decision to hold Behrendt personally liable for unemployment taxes contrary to the substantial evidence or an arbitrary and capricious exercise of the Commissioner's power?

## ANALYSIS

This case comes before the panel on a writ of certiorari pursuant to Minn.Stat. § 268.12, subd. 13(4) (1992), which allows this court to review all findings and questions of law and fact considered before the Commissioner. This court may reverse any findings of the Commissioner that are, inter alia, an error of law, unsupported by substantial evidence, or arbitrary or capricious. Minn.Stat. § 14.69(d), (e), (f) (1992). We must defer to the Commissioner's findings of fact so long as they are reasonably supported by the evidence, but we may exercise independent judgment and authority over questions of law. *Smith v. Employers' Overload Co.*, 314 N.W.2d 220, 221 (Minn.1981).

Behrendt was found personally liable under a statute directing that:

> Any officer, director, or any employee having 20 percent ownership interest of a corporation which is an employer under sections 268.03 to 268.231 who has control of or supervision over the filing of and responsibility for filing contribution reports or of making payment of contributions under these sections, and who willfully fails to file the reports or to make payments as required, shall be personally liable for contributions or reimbursement, including interest, penalties, and costs in the event the corporation does not pay to the department those amounts for which the employer is liable.

Minn.Stat. § 268.161, subd. 9 (1990). Behrendt claims this finding was improper because he could not have "willfully" withheld payment since he did not have the ultimate authority to withhold such a payment. He claims this authority, and therefore willful withholding, rested with Davis.

There is no definition of willfulness in the 1990 statute. Likewise, the statute is mute as to situations of concurrent or joint responsibility for the payments. However, this statute was amended in 1993. 1993 Minn. Laws ch. 67, § 12. That amendment deals with the issues much more clearly and guides us in our application of the 1990 statute to

these facts. The law now provides that an officer or other designated official who

(1) either individually or jointly with others, have or should have had control of, supervision over, or responsibility for the filing of the tax reports or the making of payments under this chapter, and

(2) willfully fails to file the reports or to make payments as required, shall be personally liable for contributions or reimbursement, including interest, penalties, and costs in the event the corporation does not pay to the department those amounts for which the employer is liable.

For purposes of this subdivision, "willfulness" means that the facts demonstrate that the responsible party used or allowed the use of corporate or company assets to pay other creditors knowing that the payments required under this chapter were unpaid. An evil motive or intent to defraud is not necessary to satisfy the willfulness requirement.

Minn.Stat. § 268.161, subd. 9 (Supp.1993).

■ This indicates that the legislature intended that scienter, i.e., intent to deceive or defraud, is not necessary to show willfulness. Further, there is no requirement that an individual possess sole or ultimate authority to make payments in order to be held personally liable under this statute. It is sufficient merely to show that an individual had the authority to make the payment; was under no compulsion from a superior authority not to make the payment; and failed to make the payment while settling other outstanding liabilities. We are satisfied these criteria were met by Behrendt in this case. While it may well be that Davis is also responsible, that issue is not before this court at this time. Suffice it to say this statute clearly provides for situations of concurrent liability.

### DECISION

The Commissioner properly found Behrendt personally liable for unpaid employer's unemployment tax where the evidence showed he failed to pay the tax with corporate funds while continuing to use such funds for the satisfaction of other corporate liabilities.

**Affirmed.**