**Victor C. BENDA, Respondent,**

v.

**James GIRARD, in his capacity as Commissioner of Revenue, et al., Appellants.**

**No. C2–98–763.**

Court of Appeals of Minnesota.

Oct. 27, 1998.

Review Granted Dec. 22, 1998.

Thomas F. Hutchinson, Daniel J. McGarry, Eastlund, Solstad & Hutchinson, Ltd., Minneapolis, (for respondent).

Hubert H. Humphrey III, Attorney General, Michele M. Owen, Assistant Attorney General, St. Paul, (for appellants).

Considered and decided by TOUSSAINT, C.J., and HUSPENI and THOREEN, JJ.

## OPINION

JOHN F. THOREEN, Judge. *

Respondent Victor C. Benda filed nonresident individual income tax returns in Minnesota for the years 1991, 1992, and 1993. Appellant Commissioner of Revenue audited those returns and assessed additional taxes against Benda, claiming that income earned by Benda for performing business management activities while in Minnesota was subject to Minnesota income tax. Benda filed an administrative appeal, which was denied.

Benda then paid the tax assessed and filed an action in the district court, seeking a refund. *See* Minn.Stat. § 289A.50, subd. 7(a)(2) (1996) (when commissioner denies refund, taxpayer may file action in district court to recover refund). On cross-motions for summary judgment, the parties submitted the case to the district court on stipulated facts. The district court concluded that the income earned by Benda for performing business management activities while in Minnesota was not subject to Minnesota income tax, and summary judgment was entered in favor of Benda. We affirm.

## FACTS

Benda was a Texas resident in 1991, 1992, and 1993. During that time, he was employed as president and chief operating officer of Analysts International Corporation (AIC), a Minnesota corporation. AIC was in the business of providing customers with experienced technical personnel to perform software services, such as programming, systems analysis, and testing. AIC had 26 branch offices, including one in Minneapolis and one in Rochester, Minnesota.

Benda's job duties included reviewing and approving the following: long-term strategy and planning; management compensation plan; regional operational performance; employee benefits; and quality control programs. He was also responsible for planning growth and employee recognition programs, and he was a member of AIC's acquisition team. Benda received a salary from AIC and was a member of its board of directors.

Benda worked in Minnesota as an AIC employee on 17 days in 1991, 36 days in 1992, and 27 days in 1993. While in Minnesota, Benda performed the following business activities for AIC: quality review; strategic planning; monitoring regional operational performance; attended board of directors' meetings; and attended corporate social functions and award ceremonies. Benda did not deliver any of the services marketed by AIC, and he did not perform programming, systems analysis, or testing for any of AIC's customers. AIC did not bill its customers, directly or indirectly, for any of Benda's time in Minnesota.

## ISSUE

Did the district court err in determining that the business activities Benda performed for AIC while in Minnesota were not "personal or professional services" within the meaning of Minn.Stat. § 290.17, subd. 2(a)(1) (Supp.1997)?

## ANALYSIS

■ On appeal from summary judgment, when the parties stipulated to the facts, this court must determine whether the district court erred in applying the law. *RLI Ins. Co. v. Pike*, 556 N.W.2d 1, 2–3 (Minn.App. 1996), *review denied* (Minn. Jan. 29, 1997).

■ Statutory interpretation is a question of law subject to de novo review. *Metropolitan Sports Facilities Comm'n v. County of Hennepin*, 561 N.W.2d 513, 515 (Minn.1997). The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (1996). If a statute is ambiguous, then the legislature's intent must be determined by examining the need for the law, the circumstances of its enactment, the mischief to be remedied, the purpose of the statute, the prior law, if any, the consequences of an interpretation, the legislative history, and legislative and administrative interpretations of the law. *Id.*

Minn.Stat. § 290.17, subd. 2(a)(1) (Supp. 1997), provides that "income from labor or

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

personal or professional services is assigned to this state if, and to the extent that, the labor or services are performed within it." Appellants argue that the services Benda performed for AIC while in Minnesota were "personal or professional services" within the meaning of the statute. The statute does not define the term "personal or professional services."

In *Schonwetter v. Commissioner of Revenue*, 316 N.W.2d 273 (Minn.1982), the supreme court interpreted Minn.Stat. § 290.17(1) (1976), which assigned to Minnesota "[t]he entire income of all resident or domestic taxpayers * * * from a business consisting principally of the performance of personal or professional services." The issue in *Schonwetter* was whether distributable shares of income from two Weight Watchers corporations allocable to out-of-state operations of those corporations was taxable in Minnesota as income from a business consisting principally of the performance of personal or professional services. The Schonwetters, residents of Minnesota, received a salary from Weight Watchers and performed management work for the company.

The supreme court concluded that the work the Schonwetters performed for Weight Watchers was not personal or professional services within the meaning of Minn. Stat. § 290.17(1). *Schonwetter*, 316 N.W.2d at 273. The court explained:

> We have applied this provision on several occasions. The first case, *Bechert v. Commissioner of Taxation*, 221 Minn. 65, 21 N.W.2d 101 (1945), involved a partner in a national accounting firm who claimed that profits distributed to him were taxable only to the extent that they were generated in Minnesota. We held that the distribution was taxable in full under the statute, reasoning that an accounting firm— like a law firm, a medical or dental clinic, or an architectural or engineering business—is clearly within the group of businesses engaged in personal or professional services. * * * [W]e emphasized that * * * taxpayer spent his entire working time engaged in accounting activities.
>
> * * * *

The most recent case, *Ness v. Commissioner of Taxation*, 270 N.W.2d 258 (Minn. 1978), involved the allowability of certain deductions taken by Minnesota individual taxpayers for losses sustained by an Arizona corporation of which the husband was the majority shareholder. We reviewed our earlier decisions and stated the following rule:

> From the above decisions, two conditions must be met before a taxpayer's income can be deemed personal-or-professional-service income. First, the income-producing activity itself must be the rendition of personal or professional services; and, second, the taxpayer must personally render such services; it is not enough to employ others to render them.

270 N.W.2d at 263. Applying this test to the facts presented, we found neither condition satisfied. The income-producing activities—ownership and management of a shopping center and hotel—were primarily the furnishing of space, not a personal service. * * *

*Schonwetter*, 316 N.W.2d at 275–76.

*Schonwetter* and the cases cited therein limit the definition of "personal or professional services" to businesses that provide services typically performed for the benefit of an individual, identifiable client. Under that definition, a direct relationship must exist between a client and the services performed by the taxpayer. Here, no direct relationship existed between any identifiable client and the services Benda performed for AIC while in Minnesota.

We recognize that this case is distinguishable from *Schonwetter* and the cases cited therein because those cases involved income derived from ownership of a company, not wages or salary paid to an employee. Appellants argue that a broader definition of the term "personal or professional services" has been applied in other contexts and should be applied for purposes of Minn.Stat. § 290.17, subd. 2(a)(1). However, appellants cite no authority applying a broader definition for purposes of a Minnesota personal income tax statute.

The definition of "personal or professional services" set forth in *Ness* and the *Ness*

holding were expressly adopted in Minn. R. 8002.0200, subpt. 1(C)(1) (1997), which defines "personal or professional service income" for purposes of determining whether a nonresident's income is assignable to Minnesota. Minn. R. 8002.0200, subpt. 1(C)(1) lists the following examples of "personal or professional services: carpenter, plumber, bricklayer, repairworker, barber, beautician, accountant, attorney, doctor, dentist, architect, engineer, or an insurance agent." All of the examples listed involve a direct relationship between a client and the services performed. None of the examples are managerial or administrative services for the taxpayer's own employer.

 This court is not bound by an administrative agency's interpretation of a statute. *Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978). Nonetheless, an administrative agency "may adopt regulations to implement or make specific the language of a statute." *Hirsch v. Bartley–Lindsay Co.*, 537 N.W.2d 480, 486 (Minn. 1995) (quoting *Green v. Whirlpool Corp.*, 389 N.W.2d 504, 506 (Minn.1986)). "An agency's interpretation of the statutes it administers is entitled to deference and should be upheld, absent a finding that it is in conflict with the express purpose of the Act and the intention of the legislature." *Geo. A. Hormel & Co. v. Asper*, 428 N.W.2d 47, 50 (Minn.1988).

For purposes of Minn.Stat. § 290.17, subd. 2(a)(1), we construe the meaning of "personal or professional services" in accordance with the definition of that term applied in *Schonwetter* and the cases cited therein and adopted in Minn. R. 8002.0200, subpt. 1(C)(1). Managerial services performed for the employee's own corporate employer and not performed for the benefit of an identifiable client are not included within that definition. Our construction is consistent with the " 'well-recognized rule * * * that where the meaning of a taxing statute is doubtful, the doubt must be resolved in the favor of the taxpayer.' " *Dahlberg Hearing Sys., Inc. v. Commissioner of Revenue*, 546 N.W.2d 739, 743 (Minn.1996) (quoting *Charles W. Sexton Co. v. Hatfield*, 263 Minn. 187, 195, 116 N.W.2d 574, 580 (1962)).

## DECISION

The district court properly concluded that the business activities Benda performed for AIC while in Minnesota were not "personal or professional services" within the meaning of Minn.Stat. § 290.17, subd. 2(a)(1), and, therefore, the income Benda earned for performing those activities was not subject to Minnesota income tax.

**Affirmed.**