**Victor C. BENDA, Respondent,**

v.

**James GIRARD in his capacity as Commissioner of Revenue, et al., petitioners, Appellants.**

**No. C2–98–763.**

Supreme Court of Minnesota.

May 13, 1999.

453

Mike Hatch, Attorney General, Michelle M. Owen, Esq., Assistant Attorney General, St. Paul, for appellants.

Eastlund, Solstad & Hutchinson, Ltd., Thomas F. Hutchinson, Esq., Daniel J. McGarry, Esq., Minneapolis, for respondent.

## OPINION

GILBERT, J.

This case involves the precise legal issue of whether a non-resident who performs managerial and administrative services for his employer in Minnesota for several days out of a calendar year is subject to Minnesota income tax for that portion of his salary attributable to the work performed in Minnesota. The trial court and court of appeals held that under Minn.Stat. § 290.17, subd. 2(a)(1) (1998), respondent Victor C. Benda was not subject to Minnesota income tax for that part of his salary earned while performing managerial and executive services for his employer in Minnesota. We affirm.

The facts of this case are not in dispute. In calendar years 1991 through 1993, Benda, a resident of Texas, was President and Chief Operating Officer of Analysts International Corporation (AIC), a Minnesota corporation. Benda performed most of his work for AIC in Texas. However, Benda also performed services for his employer in Minnesota on several days of each calendar year in question. Benda filed Minnesota nonresident individual income tax returns for the calendar years 1991 through 1993, in which he did not assign as Minnesota income the compensation he received for performing services for AIC while in Minnesota.

AIC is engaged in the business of providing experienced technical personnel to perform software services for its customers. In calendar years 1991 through 1993, AIC had 26 branch offices throughout the United States and the United Kingdom, including two offices in Minnesota. Benda's duties as President and Chief Operating Officer included review and approval of long-term strategy and policy, management compensa-

tion plans, regional operational performance, employee benefits, and quality control programs. Benda was also responsible for planning corporate growth and employee recognition programs, and was a member of AIC's acquisition team and board of directors.

Benda worked for AIC in Minnesota on 17 days in 1991, 36 days in 1992, and 27 days in 1993. While in Minnesota, Benda performed the following managerial activities on behalf of AIC: quality review, strategic planning, monitoring regional operational performance, attending board of directors' meetings, and attending corporate social functions and award ceremonies. While in Minnesota, Benda did not engage in delivering services marketed by AIC, and never performed services directly for customers or clients of AIC.

On June 12, 1995, the Department of Revenue (Department) notified Benda that the Department was assessing him an additional $10,567.49 for the years 1991 through 1993. Of this amount, $9,394.78 was income tax liability and $1,172.71 was interest. The assessment was based on the fact that Benda had "received income for personal and professional services performed in Minnesota." The Department relied on Minn.Stat. § 290.17, subd. 2(a)(1). The Department calculated the percent of Benda's salary assignable to Minnesota by dividing the number of days Benda worked in Minnesota by the total number of days he worked during the year.

On June 26, 1995, Benda filed an administrative appeal for each of the three years. On November 28, 1995, the Commissioner issued a Notice of Determination on Appeal, stating the proper amount owed by Benda as $10,871.97.[1]

Benda paid this amount under protest on January 24, 1996. On May 20, 1996, Benda filed a complaint in Ramsey County District Court seeking a refund of tax and interest paid. In his complaint, Benda asserted that he was not engaged in "personal or professional services" within the scope of Minn. Stat. § 290.17, subd. 2(a)(1), interpreting that

phrase to require performance of services that produced income for AIC.

The parties stipulated as to relevant facts, and filed cross-motions for summary judgment. While the state asserted that Benda had performed personal or professional services within Minnesota, Benda asserted that his employment activities performed in Minnesota were not personal or professional services under the meaning of Minn.Stat. § 290.17, subd. 2(a)(1). The trial court entered summary judgment in favor of Benda, relying in part on Minn. R. 8002.0200, subp. 1C (1997), the regulation enacted by the Department to assist in interpreting Minn.Stat. § 290.17, subd. 2(a)(1).

Relying on the limitations contained in the rule, the trial court stated that the state's interpretation of Minn.Stat. § 290.17, subd. 2(a)(1) was "overly broad" and would "in effect subject to taxation any salaried person who is in Minnesota on business." The trial court determined that Benda did not fall within the scope anticipated by the rule. The trial court reasoned that "the people engaged in the occupations enumerated in the Rule generate income for themselves or their employer directly from the performance of specific services and not merely from their status as a salaried employee." The trial court concluded that under the plain meaning of the Rule, "nonresident salaried employees who are not involved directly in performing income producing services are not subject to Minnesota income taxes," and thus entered summary judgment in favor of Benda.[2]

The court of appeals affirmed, relying on Rule 8002.0200, subp. 1C, as well as on this court's previous cases interpreting similarly worded provisions of Minn.Stat. § 290.17. *Benda v. Girard,* 585 N.W.2d 422, 424–25 (Minn.App.1998). These earlier cases indicate that in order for a nonresident taxpayer to be subject to Minnesota income tax for income from a business consisting principally of the performance of personal or professional services, the taxpayer himself must have engaged in the performance of those services. *See id.* at 424 (citing *Schonwetter v.*

---

1. The increase in amount owed was due to additional interest imposed.

2. The trial court also determined that the formula used by the Department in determining the amount owed was proper.

*Commissioner of Revenue,* 316 N.W.2d 273, 275–76 (Minn.1982)). The court of appeals interpreted these cases as stating that the definition of personal or professional services is limited to "businesses that provide services typically performed for the benefit of an individual, identifiable client." *Id.* Accordingly, the court of appeals concluded that because Benda did not provide any services directly to any of AIC's clients while in Minnesota, he had not engaged in personal or professional services. *Id.* at 425. The court of appeals held that "[m]anagerial services performed for the employee's own corporate employer and not performed for the benefit of an identifiable client are not included" as "professional or personal services" as that phrase is used in Minn.Stat. § 290.17, subd. 2(a)(1). *Id.* Therefore, the court affirmed the trial court's entry of summary judgment. *Id.*

The state petitioned this court for review on the issue of whether "managerial services performed in Minnesota by a nonresident salaried corporate officer for his employer [are] included in the statutory concept of 'personal or professional services'" as used in Minn.Stat. § 290.17, subd. 2(a)(1).

While in Minnesota, Benda engaged in executive functions for AIC such as quality review, strategic planning, monitoring regional operations performance, attending board of directors' meetings, and attending corporate social functions and award ceremonies. Benda asserts that these functions differ from personal or professional services and are excluded from taxation by Minn.Stat. § 290.17 and Minn. R. 8200.0200, subp. 1C, promulgated by the Commissioner of Revenue.

■■■ "Questions of statutory construction are questions of law and are fully reviewable by an appellate court. * * * The application of law to stipulated facts is also a question of law, and thus fully reviewable by this court." *Metropolitan Sports Facilities Comm'n v. County of Hennepin,* 561 N.W.2d 513, 515 (Minn.1997) (citations omitted).

When ambiguous, tax statutes must be strictly construed against the taxing authority and in favor of the taxpayer. *See Dahlberg Hearing Systems, Inc. v. Commissioner,* 546 N.W.2d 739, 743 (Minn.1996). "[A]n agency's interpretation of the statutes it administers is entitled to deference * * *." *Geo. A. Hormel & Co. v. Asper,* 428 N.W.2d 47, 50 (Minn. 1988).

■■■ The statute at issue in this case, Minn.Stat. § 290.17, subd. 2(a)(1),[3] reads:

> [I]ncome from labor or personal or professional services is assigned to this state if, and to the extent that, the labor or services are performed within it; all other income from such sources is treated as income from sources without this state.

The Department enacted Minn. R. 8002.0200, subp. 1C, in order to provide guidance in interpreting Minn.Stat. § 290.17, subd. 2(a)(1). The rule provides:

> The following types of income received by a nonresident in Minnesota are to be included in that individual's Minnesota gross income and are assignable to Minnesota: (1) Wages, salaries, tips, fees, commissions, bonuses, or similar earnings for personal or professional service performed within Minnesota. Two conditions must be met before a taxpayer's income can be deemed personal or professional service income. First, the income producing activity itself must be the rendition of personal or professional services; and, second, the taxpayer must personally render such services; it is not enough to employ others to render them. The following are some examples of taxpayers who may be deriving income or earnings from the performance of personal or professional services: carpenter, plumber, bricklayer, repairworker, barber, beautician, accountant, attorney, doctor, dentist, architect, engineer, or an insurance agent.

Minn. R. 8002.0200, subp. 1C(1).

Benda also cites several cases of this court as additional support for his assertion that

---

3. A nonresident of Minnesota who has income assignable to Minnesota need only file a return and need only pay Minnesota taxes on the assignable income if the taxpayer's income exceeds specific threshold limitations. *See* Minn.Stat. § 289A.08, subd. 1(a) (1998). The threshold amount was $5500 in 1991, $5900 in 1992, and $6050 in 1993. *See id.*

his functions were managerial or executive rather than personal or professional services within the meaning of Minn.Stat. § 290.17, subd. 2(a)(1). In *Bolier v. Commissioner*, 233 Minn. 72, 45 N.W.2d 802 (1951), we interpreted Minn.Stat. § 290.17(1) (1950), which stated:

> [t]he entire income of all resident or domestic taxpayers from compensation for labor or personal services, or From [sic] a business consisting principally of the performance of personal or professional services, shall be assigned to this state, and the income of nonresident taxpayers from such sources shall be assigned to this state if, and to the extent that, the labor or services are performed within it.

233 Minn. at 75–76, 45 N.W.2d at 805 (quoting Minn.Stat. § 290.17(1) (1950)). The Department sought to utilize this section to tax the income of a Minnesota resident contractor who entered into a contract to build a road in British Columbia. The contractor did not personally perform any of the construction, but instead only went to the job site to "see that his reimbursements were coming through; that his own business affairs were taken care of; and that contact was maintained with the government's representatives." *Id.* at 77, 45 N.W.2d at 805. We held that the contractor was not subject to Minnesota income tax on that contract under Minn.Stat. § 290.17. *Id.* at 78, 45 N.W.2d at 806. We reasoned that the business of road construction was not a personal or professional service, and that the taxpayer himself rendered no personal services. *Id.* Accordingly, we therefore held that the taxpayer did not fall within either provision of Minn.Stat. § 290.17(1), and thus was not subject to taxation. *Id.* at 80, 45 N.W.2d at 807.

We next addressed this statute in *Ness v. Commissioner*, 270 N.W.2d 258 (Minn.1978). At issue in that case was the same provision as in *Bolier*, which read, "[t]he entire income of all resident or domestic taxpayers * * * from a business consisting principally of the performance of personal or professional services, shall be assigned to this state." *Id.* at 261 (quoting Minn.Stat. § 290.19(1) (1969)). A Minnesota resident taxpayer sought to deduct business losses incurred in ownership

and operation of an Arizona hotel and shopping center. *Id.* at 262. We stated that "two conditions must be satisfied before a taxpayer's income can be deemed personal-or-professional-service income. First, the income producing activity itself must be the rendition of personal or professional services; and, second, the taxpayer must personally render such services." *Id.* at 263. We then applied these requirements to the taxpayer and held that he was not entitled to deduct losses incurred in the ownership and operation of the Arizona hotel and shopping center. *Id.* We reasoned first that ownership and management of the shopping center and hotel were "primarily the furnishing of building space, not of personal service," and thus the taxpayer did not satisfy the first prong of the test. *Id.* We next reasoned that because the taxpayer "was engaged in running the corporation, not in directly producing income," he did not satisfy the second prong of the test. *Id.*

We most recently addressed Minn.Stat. § 209.17 in *Schonwetter*, 316 N.W.2d at 273. In *Schonwetter*, we interpreted the same provision addressed in *Bolier* and *Ness*. *Id.* at 274–75. The Department sought to tax two individual Minnesota resident taxpayers for distributions received from two corporations owned by the taxpayers. *Id.* at 274. Relying on the two-prong test set forth in *Ness*, we held that because the taxpayers did not participate directly in providing services but instead performed executive and managerial functions for the corporations, they did not personally render services and thus were not subject to Minnesota income tax. *Id.* at 276. We reasoned that the taxpayers failed to satisfy the first prong of the *Ness* case, which requires that "the income-producing activity itself must be the rendition of personal or professional services," because their activities "were directed toward managing the corporation, not toward producing income." *Id.* We further reasoned that the second prong, which requires that the "taxpayer must personally render such services" was also not satisfied, because the taxpayers were managing the corporation and had not personally engaged in the income producing activity marketed by the corporation. *Id.*

The *Schonwetter* line of cases involved taxation of business income, not of an individual's salary. Thus, we acknowledge, as did the court of appeals, that this case is distinguishable from that line. However, the Department cites no case law suggesting that a differing interpretation should be applied in the case of salary or wage income earned from managing the corporation. Additionally, the Department expressly adopted the limited language from *Ness* and *Schonwetter* interpreting "personal or professional services" in its enactment of Minn. R. 8002.0200, subp.1C.

Like the taxpayers in *Schonwetter*, Benda was engaged solely in managerial and executive activities for AIC while in Minnesota. His activities were not "income producing activity" for AIC, as required by the rule, but were instead executive and management activities performed for AIC.

The rule lists the following examples of personal or professional services: "carpenter, plumber, bricklayer, repairworker, barber, beautician, accountant, attorney, doctor, dentist, architect, engineer, or an insurance agent." The activities of these individuals all involve directly and personally providing service or professional assistance to individual clients. The examples listed by the Department in its rule do not include employment positions generally associated with the managerial and executive services involved in running a corporation.

The rule, which evidences the agency's interpretation of the statute, follows our prior precedent and is entitled to deference. *See Geo. A. Hormel & Co.*, 428 N.W.2d at 50. The rule "should be upheld, absent a finding that it is in conflict with the express purposes of the Act and the intention of the legislature." *Id.* Neither party asserts, nor do we find, any such conflict between the rule and the statute. We therefore give the rule the deference to which it is entitled.

■ Benda did not engage in providing personal or professional services as used in Minn.Stat. § 290.17, subd. 2(a)(1). Thus, we hold that the portion of his salary derived from managerial and executive activities per-

formed for his corporate employer is not assignable to Minnesota, and is not subject to Minnesota income tax.

Affirmed.

PAGE, Justice (dissenting).

I respectfully dissent. The court holds that a nonresident is not subject to Minnesota income tax if the individual performs managerial or administrative services because those services are not "personal or professional services" within the meaning of Minn. Stat. § 290.17, subd. 2(a)(1) (1998). Yet, at the same time, nonresident hourly wage earners are subject to Minnesota's income tax if they meet certain income thresholds.[1] I find it difficult to believe that the legislature intended to exempt non-resident managerial and administrative employees from our income tax while subjecting hourly workers to the tax. This result is unfair.

---

1. *See* Minn.Stat. § 289A.08, subd. 1(a) (1998).