**Robert PEROVICH, Relator,**

v.

**BITUMINOUS CONSULTING & CONTRACTING CO., INC., Employer, Commissioner of Economic Security, Respondent.**

No. C6–99–2185.

Court of Appeals of Minnesota.

July 25, 2000.

Emily E. Duke, Robin L. Preble, Fredrikson & Byron, P.A., Minneapolis, for relator.

Kent E. Todd, St. Paul, for respondent.

Considered and decided by HARTEN, Presiding Judge, SCHUMACHER, Judge, and SHUMAKER, Judge.

## OPINION

SCHUMACHER, Judge

The Department of Economic Security determined that relator Robert Perovich was personally liable for the unpaid unemployment tax liability of his employer, Bituminous Consulting & Contracting Co., Inc. The commissioner's representative affirmed the determination. We reverse.

## FACTS

Perovich was a full-time seasonal employee of Bituminous, working approximately May through November for several years. He was neither an officer nor a director of the company. At his employer's direction, Perovich signed some of the company's reports to the department, some of the checks it sent to the department, and a contract with the department in which Bituminous agreed to a payment schedule for its unpaid unemployment taxes.

On May 11, 1994, and October 9, 1995, the department sent Perovich notices that he would be held personally liable for Bituminous's unpaid unemployment taxes. Both notices were mailed not to Perovich's home address, but to his employment address at Bituminous. It is undisputed that Perovich did not know these notices were sent and never received them.

Perovich learned of the department's actions in 1996 when it sent a notice to his son's house. In response, Perovich called the department and learned that the department was holding him personally liable for Bituminous's unpaid unemployment taxes. Perovich sent the department a letter in which he explained why he be-

lieved he should not be held personally liable. After Perovich later became aware of the department's collection efforts, he retained counsel and eventually was granted an evidentiary hearing. After the hearing, the reemployment compensation judge found that Perovich's appeal was untimely. The commissioner's representative affirmed that decision, holding that because Perovich's appeal was untimely, the department lacked jurisdiction to consider the appeal.

## ISSUE

Did the commissioner's representative err in concluding that the department lacked jurisdiction to consider the merits of Perovich's appeal because it was untimely?

## ANALYSIS

 On a writ of certiorari, we may review all findings and questions of law and fact considered before the commissioner. *Behrendt v. Commissioner of Jobs & Training*, 513 N.W.2d 843, 845 (Minn.App. 1994). On appeal, we review the decision of the commissioner's representative, not the decision of the reemployment compensation judge. *Fujan v. Ruffridge–Johnson Equip.*, 535 N.W.2d 393, 395 (Minn.App. 1995). We must defer to the commissioner's findings of fact if the evidence reasonably supports them, but we exercise independent review over questions of law. *Smith v. Employers' Overload Co.*, 314 N.W.2d 220, 221 (Minn.1981).

 In order to hold an individual liable for a company's unpaid unemployment taxes, the department must first make an initial determination that the individual is personally liable for the unpaid taxes. That determination becomes final unless the individual files a protest within 30 days of the department mailing the notice of personal liability to the "individual's last known address." Minn.Stat. § 268.063(e) (1998).

 Perovich argues that his appeal is not untimely because the appeal period never started. He contends that the department did not follow the statutorily required procedure because it mailed the initial determinations of personal liability—the May 11, 1994 and October 9, 1995 notices—to his employer's address, not to his "last known address." In support of this argument, Perovich cites *Schilling v. Odlebak*, 177 Minn. 90, 224 N.W. 694 (1929), where the Minnesota Supreme Court, construing a statute allowing substituted service of process on nonresidents using Minnesota highways, stated that "[w]e construe the words, 'last known address,' as meaning the last known residence or place of abode." *Id.* at 93, 224 N.W. at 696.

On appeal, the department does not directly address Perovich's argument, except to contend that the "Department's mailings complied with the requirements of the statute." The commissioner's representative included more analysis in his decision, noting that although the statute requires the initial notice of personal liability to be sent to the "individual's last known address," the statute "does not state whether the address is the individual's business or home address." The representative also "note[d] the authorities cited by the attorney representing Mr. Perovich"—*Schilling* and an unpublished case that cites it for the relevant proposition, *Orix Credit Alliance v. Abatement Nelson Cos.*, No. C8–93–571, 1993 WL 515823 (Minn.App. Dec 14, 1993)—but observed without further analysis that "those cases do not involve the Economic Security Law, reemployment insurance provisions."

 The commissioner's representative's reasons for concluding that the department complied with the statutory notice requirements are not persuasive. By saying that the statute "does not state whether the address is the individual's business or home address," the representative implied that the statute was ambiguous. But "[w]hen ambiguous, tax statutes

must be strictly construed against the taxing authority and in favor of the taxpayer." *Benda v. Girard,* 592 N.W.2d 452, 455 (Minn.1999).

■ Nor is the representative's objection that *Schilling* dealt with a different statute persuasive. As a matter of statutory construction, we presume that "the legislative body uses the same term consistently in different statutes." *Angell v. Hennepin County,* 565 N.W.2d 475, 479 (Minn.App.1997), *aff'd,* 578 N.W.2d 343 (Minn.1998).

■ Taken together, the Supreme Court's decision in *Schilling* and the canons of statutory construction presuming that identical phrases mean the same thing in different statutes and requiring that ambiguous tax statutes be construed strictly in favor of the taxpayer lead to the conclusion that the phrase "individual's last known address" in Minn.Stat. § 268.063(e) refers to an individual's residence address. Thus, because the department never properly mailed the initial determinations of personal liability to Perovich's home address, the time in which he could protest the determinations never started. *Cf. Curtis v. Curtis,* 442 N.W.2d 173, 176 (Minn.App.1989) (appeal filed several years after order issued was timely because adverse party never started appeal period by serving written notice of filing of order). The commissioner's representative therefore erred by concluding that Perovich's appeal was untimely.

### DECISION

The commissioner's representative erred in deciding that the department lacked jurisdiction over Perovich's appeal.

**Reversed.**